Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO, et al., Cross-Appellants, v. Summit County Child Support Enforcement Agency; State Employment Relations Board, Cross-Appellee.
[Cite as Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL-CIO v. Summit Cty. Child Support Enforcement Agency (1994),    Ohio St.3d    .]
State Employment Relations Board -- Court of Appeals' findings of trial court's subject-matter jurisdiction and lack of jurisdiction to hear union's appeal from decision of SERB affirmed -- Ruling on other assignments of error vacated.
(No. 92-2326 -- Submitted January 26, 1994 -- Decided March 23, 1994.)
Cross-Appeal from the Court of Appeals for Franklin County, No. 92AP-304.

Michael A. Moses and Ronald H. Janetzke, for cross-appellants.
Lee I. Fisher, Attorney General, and Joseph M. Oser, Assistant Attorney General, for cross-appellee.
Means, Bichimer, Burkholder & Baker Co., L.P.A., and Kimball H. Carey, urging affirmance on jurisdictional issues for amicus curiae, Ohio School Boards Association.

In this cause, the trial court, in a Journal Entry filed on March 19, 1992, said that:  "Appellee State Employment Relations Board has filed a motion to dismiss for the reason that this Court lacks subject matter jurisdiction.  Upon consideration thereof, and for the reasons set forth in the Decision of this Court rendered February 6, 1992, the Court finds the motion well taken."  Thus, the trial court, having found that it lacked subject-matter jurisdiction, had no authority to decide any of the issues in the case.  The trial court then dismissed the appeal.
Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME") appealed the judgment of the trial court to the Court of Appeals for Franklin County.  Accordingly, and notwithstanding extensive assignments of error presented by AFSCME, the only issue before the court of appeals was the question of the trial court's subject-matter jurisdiction to hear the appeal of AFSCME from the decision of the State Employment Relations Board.
In an opinion rendered on September 24, 1992, the court of appeals held, in part, that "* * * the common pleas court was correct insofar as it concluded that it lacked jurisdiction to determine whether the conduct of [Summit County Child Support Enforcement Agency] and [Summit County Department of Human Services] constituted an unfair labor practice under R.C. 4117.11." (Emphasis added.)  The court of appeals went on to say, "However, the common pleas court had jurisdiction to review SERB's finding that AFSCME had engaged in an authorized strike against [Summit County Child Support Enforcement Agency] and an unauthorized strike against [Summit County Department of Human Services].  * * *"  (Emphasis added.)  Notwithstanding these findings on trial-court jurisdiction, the court of appeals proceeded to rule on the other assignments of error

argued before it.

In consideration of the foregoing, the judgment of the court of appeals, in its findings of jurisdiction and lack of jurisdiction, is affirmed. The remainder of the opinion of the court of appeals is vacated and this cause is remanded to the trial court for further proceedings on all remaining issues.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.