**SHAWNEE STATE UNIVERSITY, Appellant,**

v.

**STATE EMPLOYMENT RELATIONS BOARD et al., Appellees.**

[Cite as *Shawnee State Univ. v. State Emp. Relations Bd.* (1996), 110 Ohio App.3d 1.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE10–1292.

Decided March 21, 1996.

*Schottenstein, Zox & Dunn* and *Susan Porter*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gary E. Brown*, Assistant Attorney General, for appellee State Employment Relations Board.

*Cloppert, Portman, Sauter, Latanick & Foley, Michael J. Hunter* and *Debra D. Paxson*, for appellee Shawnee Education Association.

---

PEGGY BRYANT, Judge.

Appellant, Shawnee State University, appeals from a judgment of the Franklin County Court of Common Pleas, finding the directive of appellee State Employment Relations Board ("SERB"), dismissing appellant's "Petition for Clarification of Bargaining Unit," to be supported by substantial, reliable and probative evidence, and in accordance with law. Appellant assigns the following errors:

"I. The court of common pleas erred in holding that SERB's 'directive granting motion to dismiss' was proper despite the court's determination that 'SERB erred in dismissing the University's petition on the authority of Ohio Adm.Code 4117–5–01(F).'

"II. The court of common pleas erred in finding that Section 4(A) of Am.Sub. S.B. No. 133, 140 Ohio Laws, Part I, 336, 367, deprived SERB of jurisdiction to consider the University's petition.

"III. The court of common pleas erred in affirming SERB's 'directive granting motion to dismiss' where SERB sought remand for further proceedings in accordance with Ohio law.

"IV. The court of common pleas erred in failing to address and failing to find that the SEA waived its right to file a motion to dismiss the university's petition."

On March 18, 1994, appellant filed a "Petition for Clarification of Bargaining Unit" ("petition"). The petition indicates that the deemed certified unit, described to include full-service faculty members, is represented by appellee, Shawnee Education Association ("SEA"). The petition in particular requests that "SERB clarify that department chairpersons are not properly included in the bargaining unit. The 1990–1993 Collective Bargaining Agreement between the SEA and [appellant] improperly called for department chairs to be part of the unit as of June, 1992. Neither the SEA nor [appellant] requested that SERB certify such a bargaining unit. Therefore, department chairs are not properly in the unit. Furthermore, department chairs should not be included in the unit as they are supervisors."

SEA responded on March 28, 1994, with a motion to dismiss appellant's petition. SEA asserted that appellant's petition was "deficient on its face and is

in violation of the rules of this board, in that it is filed only by one party, it concerns a deemed certified unit, and it contains no allegation that the current unit contains the combination proscribed by R.C. 4117.06(D)," as required under Ohio Adm.Code 4117–5–01(F).[1]

Following full briefing on the matter, SERB issued a directive granting SEA's motion to dismiss. Relying on Ohio Adm.Code 4117–5–01(F), SERB determined that appellant's petition lacked the necessary allegation that the unit contained a combination of employees prohibited by division (D) of R.C. 4117.06.

Appellant, on July 22, 1994, filed an appeal with the common pleas court, asserting that SERB misapplied R.C. Chapter 4117 in rejecting appellant's petition. On July 27, 1994, the Supreme Court decided *Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL–CIO v. Cincinnati* (1994), 69 Ohio St.3d 677, 635 N.E.2d 361 (*"Ohio Council 8"*), the syllabus of which states:

"Ohio Adm.Code 4117–5–01(F) is in clear conflict with Section 4(A) of Am.Sub. S.B. No. 133 (140 Ohio Laws, Part I, 336, 367) and is, therefore, invalid. Pursuant to Section 4(A), adjustments or alterations to deemed certified collective bargaining units are not permitted until challenged by another employee organization."

As a result of that decision, the common pleas court concluded that SERB had improperly dismissed appellant's petition on the basis of Ohio Adm.Code 4117–5–01(F).

Nonetheless, the common pleas court concluded that under Section 4(A) of Am.Sub.S.B. No. 133 ("Section 4(A)"), SERB properly dismissed appellant's petition because Section 4(A) "deprived SERB of jurisdiction to consider [appellant's] petition. Section 4(A) forbids adjustments or alterations to deemed certified collective bargaining units absent a challenge by and subsequent certification of a rival employee organization. [Appellant] is not a rival employee organization." As a result, the common pleas court concluded that SERB's directive granting SEA's motion to dismiss was supported by reliable, probative and substantial evidence and was in accordance with law; it therefore affirmed the directive.

---

1. Ohio Adm.Code 4117–5–01(F) states in pertinent part:
    "For a unit that has not been approved by the board through the procedures of division (A) of section 4117.05 or 4117.07 of the Revised Code, a petition for unit clarification or amendment of a deemed certified unit may be filed only during the period of one hundred twenty days to ninety days before the expiration date of the collective bargaining agreement, after expiration of the collective bargaining agreement, or at any other time if the petition is submitted by mutual request of the parties. Unless the petition for amendment or clarification of such a unit is submitted by mutual request, the board will consider clarification or amendment only if the petition alleges that the unit contains a combination of employees prohibited by division (D) of section 4117.06 of the Revised Code."

On appeal to this court, both parties rely on *Ohio Council 8* to support their positions. In *Ohio Council 8*, the city of Cincinnati filed with SERB five separate petitions for clarification of a bargaining unit represented by Ohio Council 8 and Locals 190, 223, 240, 250, 1543 and 319 of the American Federation of State, County and Municipal Employees, AFL–CIO ("AFSCME"). Prior to filing the petitions, and dating back to November 1, 1958, the city of Cincinnati and AFSCME had been governed by a series of written collective bargaining agreements. One of the petitions filed by the city of Cincinnati sought to exclude from the bargaining unit nine employees classified as water-works guards.

The Supreme Court determined that Ohio Adm.Code 4117–5–01(F) conflicted with Section 4(A), as the rule "would allow SERB to entertain employer petitions to adjust or alter deemed certified collective bargaining units that violate the prohibitions of R.C. 4117.06(D) regarding composition of units, irrespective of whether exclusive representation is challenged by another employee organization." *Id.,* 69 Ohio St.3d at 680, 635 N.E.2d at 363. Pointing to the language of Section 4(A),[2] the court noted that by operation of Section 4(A), deemed certified units, existing at the time of the enactment of R.C. Chapter 4117, were preserved in their original, pre-Act form, and public employers have been required to pursue bargaining relationships with the exclusive representatives of these units as if there had been a SERB-certified election and designation of bargaining unit. *Id.* at 681–682, 635 N.E.2d at 363–365. Concluding that Section 4(A) "was clearly designed to maintain the status quo in those public sector employer/employee collective bargaining relationships antedating April 1, 1984," *id.* at 682, 635 N.E.2d at 364, the court held that Section 4(A) requires that deemed certified bargaining units recognized before April 1, 1984 continue indefinitely unless challenged by a rival organization.

Relying on the Supreme Court's language in *Ohio Council 8,* appellant strongly urges that the changes it seeks to have clarified occurred after April 1, 1984, and more specifically through the 1990–1993 collective bargaining agreement with SEA. Thus, it contends that, under the syllabus of *Ohio Council 8,* its collective bargaining agreement with SEA constitutes an impermissible adjustment or alteration to a deemed certified collective bargaining unit organization, which SERB is obligated to address.

Relying on the same case, SEA contends that appellant's petition, as the petitions in *Ohio Council 8,* is one seeking clarification. Because the Supreme

---

**2.** Section 4(A) states:

"* * * Notwithstanding any other provision of this act, an employee organization recognized as the exclusive representative shall be deemed certified until challenged by another employee organization under the provisions of this act and the State Employment Relations Board has certified an exclusive representative."

Court rejected the petitions for clarification as an illegal challenge to a deemed certified unit in *Ohio Council 8,* SEA contends that under that decision, appellant's petition for clarification is barred by Section 4(A).

Since oral argument in this case, the Supreme Court in *State ex rel. Brecksville Edn. Assn. v. State Emp. Relations Bd.* (1996), 74 Ohio St.3d 665, 660 N.E.2d 1199, revisited Section 4(A), and held that Section 4(A) of the Act "does not deprive the State Employment Relations Board of jurisdiction to consider a petition jointly filed by an employer and an exclusive bargaining representative requesting SERB to amend the composition of a deemed certified bargaining unit." *Id.* at syllabus.

In distinguishing *Ohio Council 8,* the court noted that Section 4(A) "does not expressly protect the *composition* of the bargaining unit. Section 4(A) provides that the deemed certified unit shall remain deemed certified until challenged by another organization." (Emphasis *sic.*) *Id.* at 670, 660 N.E.2d at 1203. Thus, the court concluded that "[t]hough it is reasonable to conclude * * * that the General Assembly intended to protect preexisting collective bargaining relationships from unilateral attack by employers, it does not necessarily follow that the General Assembly intended to forever freeze the composition of units extant on October 6, 1983." *Id.* at 670, 660 N.E.2d at 1203.

Neither *Ohio Council 8* nor *Brecksville* directly addresses the circumstances alleged in appellant's petition. *Ohio Council 8* addressed a preexisting unit whose composition apparently had not changed; *Brecksville* addressed a joint petition regarding a deemed certified unit whose composition changed after the enactment of R.C. Chapter 4117. Because the factual underpinnings of a case may determine whether SERB has jurisdiction to consider a petition for clarification, we, as was the common pleas court, are at a severe disadvantage in attempting to apply *Ohio Council 8* or *Brecksville* here, as SERB dismissed appellant's petition without developing the facts. Indeed, as SEA aptly points out, appellant's extensive recitation of the facts is unsupported in the record, due to the summary nature of SERB's proceedings so far.

Given *Brecksville*'s clarification that Section 4(A) is not an absolute bar to SERB's jurisdiction over petitions for clarification regarding deemed certified bargaining units, the lack of a factual record precludes a definitive ruling on SERB's jurisdiction over appellant's petition. Moreover, because courts are to "accord due deference to SERB's interpretation of R.C. Chapter 4117," *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260, 533 N.E.2d 264, 267, SERB appropriately first should consider its own jurisdiction under the facts as developed. Indeed, the Supreme Court has expressed its reluctance to have this court interpret in the first instance different provisions of R.C. Chapter 4117. *Ohio Council 8, Am.Fedn. of State, Cty. & Mun. Emp.,*

*AFL–CIO v. Summit Cty. Child Support Enforcement Agency* (1994), 68 Ohio St.3d 488, 628 N.E.2d 1361.

Given all of the foregoing factors, we are compelled to conclude that the trial court erred in addressing the applicability of Section 4(A) to the petition for clarification; rather, the common pleas court should have allowed SERB the opportunity to determine whether it had jurisdiction to consider the petition for clarification under Section 4(A), after developing the necessary facts to enable it to render such a determination. As a result, we sustain appellant's first assignment of error to the limited extent indicated in this decision; that disposition renders the remaining assigned errors moot at this time. We remand this matter to the common pleas court with instructions to return the matter to SERB so that it may consider its jurisdiction over appellant's petition for clarification, given the language of Section 4(A) and the Supreme Court's decisions in *Ohio Council 8* and *Brecksville.*

*Judgment reversed*
*and cause remanded.*

TYACK and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.