OPINION
Appellant, Joseph Rivera, was employed by appellee, Francis Fisher, Stark County Engineer, working in the highway department. Appellant worked under a collective bargaining agreement.
On November 24, 1998, appellee suspended appellant for thirty days for reporting to work under the influence of alcohol. Thereafter, appellant returned to work.
On February 17, 1999, appellee demoted appellant and reduced his wage rate for gross misconduct for "creating a hostile work environment through the use of racial slurs and a belligerent attitude." Appellee's Brief at 4.
On June 8, 2000, appellant filed a complaint against appellee and others, claiming appellee breached the collective bargaining agreement. On August 7, 2000, appellee filed a motion to dismiss for lack of subject matter jurisdiction. By judgment entry filed August 10, 2000, the trial court granted the motion and dismissed the complaint. On appeal, this court remanded the case to the trial court to give appellant the opportunity to respond to appellee's motion. See, Rivera v. Fischer
(February 12, 2001), Stark App. No. 2000CA00299, unreported. Upon remand, the trial court once again granted the motion and dismissed the complaint against appellee. See, Judgment Entry filed March 16, 2001.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN DETERMINING THAT PLAINTIFF-APPELLANT'S CLAIM WAS SUBJECT TO THE EXCLUSIVE JURISDICTION OF THE STATE EMPLOYMENT RELATIONS BOARD AND THEREFORE GRANTING DEFENDANT-APPELLEE'S MOTION TO DISMISS PLAINTIFF-APPELLANT'S COMPLAINT.
 II TO THE EXTENT THAT THE TRIAL COURT MAY HAVE GRANTED APPELLEE'S MOTION TO DISMISS ON ANY OTHER GROUNDS, THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT.
 I, II
These two assignments of error challenge the trial court's dismissal of his complaint for lack of subject matter jurisdiction.
In its judgment entry filed March 16, 2001, the trial court explained the reason for the dismissal as follows:
 The Court has reviewed said Motion in accordance with Civil Rule 12(B)(1) and (B)(6), and finds that the Court lacks subject matter jurisdiction of the Plaintiff's claim as it is a claim which falls under R.C. 4117, and in the jurisdiction of the State Employment Relations Board.
In his response to appellee's motion to dismiss, appellant set forth the crux of his complaint as follows:
 As the result of his employer's unwarranted and unsupported disciplinary actions, and due to the Unions' dismissal of his grievances prior to reaching the arbitration stage, Mr. RIVERA has lost substantial wages; incurred medical, counseling, and evaluation expenses; and lost seniority and other employment benefits.
Appellant admits his employment contract falls under a collective bargaining agreement which provides for binding arbitration of grievances. See, Agreement, attached to Appellee's August 7, 2000 Motion to Dismiss as Exhibit A. Therefore, appellant's complaints are controlled by the language of R.C. 4117.10(A) which states in pertinent part the following:
 An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure.
In his complaint, appellant argued the union failed to fairly and adequately represent him in a grievance proceeding pursuant to a collective bargaining agreement, in effect, an unfair labor practice under R.C. 4117.11(A)(6). As this court found in the previous appeal,Rivera, supra, at 7, this claim was governed by R.C. Chapter 4117:
 * * * we conclude any potential common law cause of action for breach of contract which appellant may have plead in his complaint, was `inextricably intertwined' with and dependent upon the rights created by R.C. 4117. Because appellant's claims were dependent on the framework established in R.C. 4117 and duties created under the collective bargaining agreement, we find appellant was limited to the remedies and procedures provided in R.C. 4117.
Any claims subject to R.C. Chapter 4117 are within the exclusive jurisdiction of the State Employment Relations Board, R.C. 4117.12(A), which states "[w]hoever violates section 4117.11 of the Revised Code is guilty of an unfair labor practice remediable by the state employment relations board as specified in this section."
In his complaint, appellant avers the 1998 suspension and the 1999 demotion by appellee violated the collective bargaining agreement. We find appellant's complaint to be substantially similar to the fact pattern in State ex rel. Ramsdell v. Washington Local School Bd. (1988),52 Ohio App.3d 4. The lawsuit in Ramsdell was over a tenure issue clearly covered in the bargaining agreement and the union refused to arbitrate the grievance. Our brethren from the Sixth District held "since the passage of R.C. Chapter 4117, a common pleas court may no longer obtain jurisdiction over a case * * * merely because the plaintiff alleges that the union wrongfully refused to process a grievance." Ramsdell at 7. The Supreme Court of Ohio reaffirmed this reasoning in Franklin Cty. LawEnforcement Assn. v. Fraternal Order of Police (1991), 59 Ohio St.3d 167,170-171, as follows:
 More fundamentally, plaintiffs simply have not asserted any claims that fall outside the scope of R.C. Chapter 4117. That chapter was meant to regulate in a comprehensive manner the labor relations between public employees and employers. Necessarily, then, it was not meant to give SERB exclusive jurisdiction over claims that a party might have in a capacity other than as a public employee, employer, or union asserting collective bargaining rights. Thus, as a matter of jurisdiction, if a party asserts rights that are independent of R.C. Chapter 4117, then the party's complaint may properly be heard in common pleas court. However, if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive. Of course, even if a common pleas court has jurisdiction, R.C. 4117.10(A) in some cases may preempt the party's independent claim.
Appellant argues the trial court never addressed his exhaustion of administrative remedies argument and therefore, pursuant to Ohio Council8, American Federation of State, County and Municipal Employees, AFL-CIOv. Summit County Child Support Enforcement Agency (1994),68 Ohio St.3d 488, we should remand the case back to the trial court. We disagree. Count III of the complaint alleges a failure to fairly and adequately represent appellant in a grievance proceeding. Appellee's motion for dismissal was made under Civ.R. 12(B)(1) and (6) and argued the exclusivity of the grievance procedure under the collective bargaining agreement and R.C. 4117.10, not R.C. 4117.11. Under a Civ.R. 12(B)(6) ruling, the trial court addressed the issue of failure to state a claim upon which relief may be granted. The complaint avers a failure to grieve the matter and the collective bargaining agreement attached to the motion to dismiss mandates binding arbitration. See, Articles X and XI. The trial court properly found not only the exclusiveness of jurisdiction under Civ.R. 12(B)(1), but no claim for which relief may granted under Civ.R. 12(B)(6) given the mandatory language of the collective bargaining agreement.
Upon review, we find no error in the trial court's decision to dismiss appellant's complaint under Civ.R. 12(B)(1) and (6).
Assignments of Error I and II are denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. concur.