BRASWELL, APPELLANT, *v.* LUCAS METROPOLITAN HOUSING AUTHORITY ET AL., APPELLEES.

(No. L-84-393—Decided June 14, 1985.)

*Gary E. Horn,* for appellant.

*Kevin E. Joyce,* for appellee Lucas Metropolitan Housing Authority.

*Ronald H. Janetzke,* for appellee AFSCME, Local 2916.

CONNORS, P.J. This cause comes on appeal from the *sua sponte* dismissal of appellant's claim against appellee Lucas Metropolitan Housing Authority ("LMHA").

Appellant, Marquita Braswell, was employed as a management aide by ap-pellee LMHA. On September 12, 1983, appellant received notice of a termina-tion of employment for neglect of duty. Subsequently, appellant filed a grievance from said disciplinary action and participated in a hearing on September 20, 1983. Appellant's discharge was upheld and a timely re-quest for further arbitration was filed. Appellant was represented by appellee American Federation of State, County and Municipal Employees, Local 2916 ("AFSCME") which, according to the terms of a collective bargaining agree-ment, was appellant's sole represen-tative and bargaining agent. In November 1983, AFSCME withdrew the arbitration request and refused to reconsider the withdrawal upon ap-pellant's request.

Thereafter, appellant commenced an action in the Lucas County Court of Common Pleas against appellee LMHA and defendant AFSCME. In her com-plaint, appellant alleges bad faith on the part of defendant AFSCME, thereby constituting a breach of a union's duty of fair representation. As against appellee LMHA, appellant alleges wrongful discharge in breach of contract through a violation of the collective bargaining agreement. On October 18, 1984, the trial court *sua sponte* dismissed ap-pellant's complaint against appellee LMHA from which this appeal was timely filed.

Appellant sets forth a single assign-ment of error:

"The trial court committed prej-udicial error to the Plaintiff in *sua sponte* dismissing all Plaintiff's claims against her employer, Defendant Lucas Metropolitan Housing Authority."

This issue is one of first impression in the state of Ohio. The issue fairly raised is whether an employee represented by a union may seek a remedy against the employer for breach of a collective bargaining agreement

when the union refuses to submit the grievance to an established arbitration process.

In this instance, the trial court found appellant had no right of action against her employer, citing a decision of the Supreme Court of Pennsylvania in *Ziccardi* v. *Commonwealth* (1982), 500 Pa. 326, 456 A. 2d 979. In *Ziccardi,* the court held that an employee had no right of action against an employer for breach of contract in cases where the union refuses to proceed with grievance arbitration. *Id.* at 981; see *Falsetti* v. *Local Union No. 2026* (1960), 440 Pa. 145, 161 A. 2d 882. However, the *Ziccardi* decision was effectively overruled by a later decision of the Pennsylvania Supreme Court in *Martino* v. *Transport Workers' Union of Philadelphia* (1984), 505 Pa. 391, 480 A. 2d 242. In *Martino,* paragraph two of the syllabus, the court allowed an employee's breach of contract action against an employer stating:

"Where a public employee has been discharged in arguable breach of collective bargaining agreement and a union has violated its duty of fair representation by failing in bad faith to pursue agreements to impartial arbitration, the public employer approaches the status of an indispensable party to the litigation in the sense that the dispute cannot be finally resolved with equity and good conscience without his participation."

"A public employee discharged in arguable breach of a collective bargaining agreement may seek relief by joining the public employer when the union breaches its duty of fair representation and joinder is necessary to afford an adequate remedy." *Id.* at paragraph three of the syllabus.

The court further limited the employee's relief to an equitable order compelling arbitration. *Martino,* at paragraph four of the syllabus.

A decision of major import to the present case was rendered by the Supreme Court of the United States in *Vaca* v. *Sipes* (1967), 386 U.S. 171, which stated, in pertinent part, at 185-186:

"We think that another situation when the employee may seek judicial enforcement of his contractual rights arises if, as is true here, the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if, as is alleged here, the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance. It is true that the employer in such a situation may have done nothing to prevent exhaustion of the exclusive contractual remedies to which he agreed in the collective bargaining agreement. But the employer has committed a wrongful discharge in breach of that agreement, a breach which could be remedied through the grievance process to the employee-plaintiff's benefit were it not for the union's breach of its statutory duty of fair representation to the employee. To leave the employee remediless in such circumstances would, in our opinion, be a great injustice. * * *" (Emphasis *sic.*)

In *Vaca,* a union member sued both his employer for wrongful discharge and his union for breach of its duty of fair representation in refusing to pursue a grievance to the final arbitration level. In granting the discharged employee a right of action, the United States Supreme Court found no basis for limiting a trial court's remedies, stating at 196:

"Petitioners urge that an employee be restricted in such circumstances to a decree compelling the employer and the union to arbitrate the underlying grievance. It is true that the employee's action is based on the employer's alleged breach of contract plus the union's alleged wrongful failure to afford him his contractual remedy of arbitration. For

this reason, an order compelling arbitration should be viewed as one of the available remedies when a breach of the union's duty is proved. But we see no reason inflexibly to require arbitration in all cases. In some cases, for example, at least part of the employee's damages may be attributable to the union's breach of duty, and an arbitrator may have no power under the bargaining agreement to award such damages against the union. In other cases, the arbitrable issues may be substantially resolved in the course of trying the fair representation controversy. In such situations, the court should be free to decide the contractual claim and to award the employee appropriate damages or equitable relief.''

Finally, the Supreme Court found that damages should be assessed against each defendant in proportion to the injury inflicted upon the wronged employee.

There is no question that a union has a duty to fairly represent each of its members. *Vaca, supra; Seay* v. *McDonnell Douglas Corp.* (C.A. 9, 1970), 427 F. 2d 996; *Simberlund* v. *Long Island RR. Co.* (C.A. 2, 1970), 421 F. 2d 1219; *Cheese* v. *Afram Bros. Co.* (1966), 32 Wis. 2d 320, 145 N.W. 2d 716. It is also well understood that in the absence of a specific contractual authority, an employee cannot compel pursuit of a grievance arbitration without union support. *Vaca, supra*, at 191-193; *Martino* v. *Transport Workers' Union, supra; Stanley* v. *General Foods Corp.* (C.A. 5, 1975), 508 F. 2d 274; see, also, Cox, Rights Under a Labor Agreement (1956), 69 Harv. L. Rev. 601, 648.

As illustrated in *Vaca, supra*, federal courts have recognized the right of an employee to pursue remedies against an employer when the union has blocked contractual grievance arbitration by an alleged breach of its duty of fair representation. *Seay* v. *McDonnell Douglas Corp., supra; Desrosiers* v. *American Cyanamid Co.* (C.A. 2, 1967), 377 F. 2d 864. This exception to the general rule preventing direct actions by an employee against an employer has also been followed in state courts. *Martino, supra; Lowe* v. *Hotel & Restaurant Employees Union, Local 705* (1973), 389 Mich. 123, 205 N.W. 2d 167; *Albino* v. *New York* (1981), 80 App.Div. 2d 261, 438 N.Y.Supp. 2d 587. In *Lowe, supra*, the Supreme Court of Michigan found that an employee has a viable cause of action against both employer and union or in the converse, is estopped for a failure to exhaust the appropriate intraunion remedies. While factually distinguishable from the case at bar, Ohio law has recognized an employee's right to enforce the terms of a collective bargaining agreement made for that employee's benefit. *H. Blum & Co.* v. *Landau* (1926), 23 Ohio App. 426; *Masetta* v. *Natl. Bronze & Aluminum Foundry Co.* (App. 1952), 62 Ohio Law Abs. 374, reversed on other grounds (1953), 159 Ohio St. 306 [50 O.O. 301].

In the present case, appellant timely requested arbitration pursuant to the collective bargaining agreement. Said request was denied by the union. Appellant then filed a complaint alleging bad faith representation by her union and wrongful discharge by her employer. The trial court *sua sponte* dismissed appellant's claim against her employer, appellee LMHA.

As has been previously established, the dismissal of appellee LMHA was improperly based upon the decision in *Ziccardi, supra*. The rights of an individual in safe and stable employment dictate an adherence to the doctrine as enunciated by the United States Supreme Court in *Vaca* v. *Sipes, supra*. Further, the disposition of appropriate relief is best left to the determination of the trial court without limiting the scope of its equitable powers. Accordingly, ap-

pellant's sole assignment of error is found well-taken.

On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed and the cause is remanded for further proceedings in accordance with law and this opinion.

*Judgment reversed and cause remanded.*

WILKOWSKI and WILEY, JJ., concur.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.