THE STATE, EX REL. RAMSDELL, APPELLANT, *v.* WASHINGTON LOCAL SCHOOL BOARD ET AL., APPELLEES.

(No. L-88-011—Decided September 16, 1988.)

*Gary E. Horn,* for appellant.

*James M. Sciarini* and *Lisa E. Pizza,* for appellee Washington Local Board of Education.

*Ted Iorio* and *Christine A. Reardon,* for appellee Teachers' Association of Washington Local Schools.

HANDWORK, J. Appellant, Karen Ramsdell, appeals from a judgment of the Lucas County Court of Common Pleas which dismissed her complaint for lack of subject matter jurisdiction.

The facts of this case, insofar as they are pertinent to our disposition of this appeal, are as follows. Ramsdell holds a tenured contract as a teacher with appellee, Washington Local Schools. Ramsdell also had a supplemental contract as a guidance counselor, which could be renewed on a year-to-year basis. Ramsdell worked exclusively as a guidance counselor under the supplemental contract from 1973 until 1987 when her counseling contract was non-renewed for the 1987-1988 school year. Ramsdell's teaching contract remains intact, although she has not taught since 1973.

Ramsdell sought the help of her union, Teachers' Association of Washington Local Schools ("TAWLS"), requesting that it present two grievances for her. First, she sought to have her

non-renewal as a guidance counselor rescinded and, second, she sought to grieve the issue of whether she was entitled to a continuing contract, *i.e.,* tenure as a guidance counselor. TAWLS agreed to grieve the first issue but not the second.

Ramsdell then filed a complaint in the Lucas County Court of Common Pleas praying for, *inter alia,* a declaratory judgment that she is entitled to tenure as a guidance counselor. The trial court dismissed Ramsdell's complaint on the basis that it lacked subject matter jurisdiction. The court held that since this is a labor dispute subject to a collective bargaining agreement, Ramsdell must exhaust her contractual remedies under the collective bargaining agreement before resort to the court system will be allowed. Ramsdell appeals, stating one assignment of error:

"The trial court committed prejudicial error to the Plaintiff by granting Defendants Washington Local Board of Education's and Teachers' Association of Washington Local Schools' motions to dismiss on the ground that the court lacked subject matter jurisdiction."

Ramsdell entwines two separate arguments in support of her assignment of error. Her first argument is that this dispute over whether she is entitled to tenure as a guidance counselor is not subject to the collective bargaining agreement entered into between TAWLS and the Washington Local School Board and, therefore, is not grievable under the agreement's terms. Ramsdell argues that this dispute is consequently not subject to the arbitration procedure set out in the agreement. Ramsdell reasons that if the tenure dispute is not grievable, then it is merely a claim that the Washington Local School Board has violated Ohio law in refusing to grant her tenure as a counselor and this claim is

one within the jurisdiction of the courts. Ramsdell's second argument is that if the court holds that her tenure dispute is grievable under the collective bargaining agreement, her case falls under an exception to the rule that she must exhaust her remedies under the agreement before seeking relief in the courts.

Addressing Ramsdell's first argument, we find that the trial court impliedly held that the tenure dispute is grievable under the terms of the collective bargaining agreement. We have reviewed the collective bargaining agreement in this case and agree with the trial court. The collective bargaining agreement states, in relevant part:

"Grievance Procedure — Certificated Personnel:

"The purpose of this procedure is to secure equitable solutions to problems at the lowest possible administrative level and, within a reasonable amount of time. All instructionally certificated personnel shall have the right to present grievances in accordance with these procedures.

*"Definition*

"A grievance shall mean a written complaint by a member of the bargaining unit or the Association that there has been a violation of the terms of this written agreement between the Board of Education and the Association. *The term 'grievance' shall not include any complaint concerning matters not specifically included within the terms of this agreement * * *."* (Emphasis added.)

Therefore, any dispute which concerns matters not specifically included in the collective bargaining agreement is not grievable. In the instant case, the tenure dispute is a matter specifically included in the collective bargaining agreement. Section 6, Article VII of the collective bargaining agreement states:

"Teachers become eligible for a

continuing contract [tenure] by fulfilling the following requirements:

"A. Holding an eight-year professional, a permanent, or life teaching certificate

"B. Completing three years of successful teaching in the Washington Local School System, or two years of successful teaching in the Washington Local School System, if tenure had been attained previously in another Ohio system prior to employment in the Washington Local Schools."

Ramsdell argues that this section speaks only to teacher tenure and her dispute concerns counselor tenure; therefore, her dispute is not a matter specifically included within the terms of the agreement.

We believe a collective bargaining agreement should not be read so narrowly. As was stated in *United Steelworkers* v. *Warrior & Gulf Navigation Co.* (1960), 363 U.S. 574:

"* * * [A collective bargaining agreement] is a generalized code to govern a myriad of cases which the draftsman cannot wholly anticipate * * *." *Id.* at 578.

This court believes, therefore, that Section 6, Article VII, entitled "Teacher Tenure," of the collective bargaining agreement in question covers the instant dispute regarding Ramsdell's claim that she is entitled to tenure as a guidance counselor.

Having ratified the trial court's decision that the tenure dispute is covered by the collective bargaining agreement, we must turn to Ramsdell's second argument which states that her case falls under an exception

to the exhaustion-of-contractual-remedy rule referred to by the trial court. This exception is enunciated in *Vaca* v. *Sipes* (1967), 386 U.S. 171. In *Vaca,* the Supreme Court stated:

"* * * [T]he employee may seek judicial enforcement of his contractual rights * * * if, as is true here, the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if, as is alleged here, the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance." (Emphasis added.) *Id.* at 185.

Ramsdell further relies on this court's adoption of the *Vaca* holding in *Braswell* v. *Lucas Metro. Housing Auth.* (1985), 26 Ohio App. 3d 51, 26 OBR 225, 498 N.E. 2d 184.

Both the *Vaca* court and the *Braswell* court assume, while not so stating, that the court itself is the proper tribunal to decide whether the union's refusal to process the grievance was wrongful and that the mere allegation of "wrongful refusal" in the plaintiff's complaint gives the court jurisdiction to hear the case. Further, *Braswell* states that if the court determines the union's act to be wrongful, the court may then hear the underlying grievance instead of remanding to the arbitrator under the collective bargaining agreement's grievance procedure. *Id.* at 54, 26 OBR at 227, 498 N.E. 2d at 187.

The trial court in the instant case held that the exception set forth in *Vaca* and *Braswell*[1] is superseded by

---

[1] *Braswell* v. *Lucas Metro. Housing Auth.* (1985), 26 Ohio App. 3d 51, 26 OBR 225, 498 N.E. 2d 184, was decided after R.C. Chapter 4117 became effective, but the labor dispute which was the subject of that case arose prior to the effective date of Ohio's Public Employees' Collective Bargaining Act. Therefore, to the extent that

our holding in *Braswell* is inconsistent with the law as set forth in R.C. Chapter 4117, it does not apply to labor disputes which arise after April 1, 1984, the date R.C. Chapter 4117 became law. We note that several Ohio common pleas courts, as well as the State Employment Relations Board, have relied on our holding in *Braswell* in constru-

R.C. Chapter 4117 and is no longer applicable in Ohio when the underlying dispute is between a public employee and a public employer who have entered into a collective bargaining agreement. The trial court correctly stated that R.C. Chapter 4117, the Public Employees' Collective Bargaining Act, now governs disputes such as the one at bar. R.C. 4117.11(B) states in part:

"It is an unfair labor practice for an employee organization * * * to:

"* * *

"(6) Fail to fairly represent all public employees in a bargaining unit[.]"

R.C. 4117.12(A) states:

"Whoever violates section 4117.11 of the Revised Code is guilty of an unfair labor practice remediable by the state employment relations board as specified in this section."

This court has recently stated:

"[A]n act which constitutes an unfair labor practice under R.C. Chapter 4117 is subject to the exclusive jurisdiction of SERB to the exclusion of the court of common pleas." *Gray* v. *Toledo* (May 15, 1987), Lucas App. No. L-86-113, unreported, at 3.

Based on the above analysis, we find appellant's argument that her case falls under the *Vaca* exception to the exhaustion-of-contractual-remedies rule to be unpersuasive. Therefore, since the passage of R.C. Chapter 4117, a common pleas court may no longer obtain jurisdiction over a case such as the one at bar merely because the plaintiff alleges that the union wrongfully refused to process a grievance. As noted by the trial court in its opinion below, if Ramsdell is dissatisfied with the decision made by SERB on the issue of whether TAWLS committed an unfair labor practice by

refusing to process her tenure grievance, she may appeal SERB's decision to the common pleas court. See R.C. 4117.13(D).

This court notes Ramsdell's concern that under the rule enunciated today she could be effectively barred from ever having her grievance heard on the merits, either by an arbitrator or by a court. Ramsdell states that if she would appeal an unfavorable SERB decision to the court of common pleas, she fears that the court's only role would be to review SERB's decision that TAWLS's refusal to arbitrate her grievance was not an unfair labor practice. Ramsdell apparently seeks from this court some assurance that the court of common pleas, on hearing an appeal from SERB's decision, could review the unfair labor practice issue and also proceed to hear the underlying grievance as is contemplated in the *Braswell* decision.

While Ramsdell raises a valid concern, her question is not before the court at the present time, *i.e.,* it is hypothetical only and is not ripe for review by this court. We, therefore, make no comment on the proper role of the trial court when faced with an appeal from a SERB decision.

Based on the above analysis, we find appellant's sole assignment of error not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

RESNICK, P.J., and CONNORS, J., concur.

---

ing R.C. Chapter 4117. *Braswell* was not decided under Ohio's Public Employees'

Collective Bargaining Act and should not be used as precedent in construing that law.