## Shamrock v.
## Trumbull County Comm'rs
*[Cite as 8 AOA 662]*

*Case No. 89-T-4272*
*Trumbull County, (11th)*
*Decided December 28, 1990*

Michael Rossi, Guarnieri and Secrest, 151 East Market Street, P.O. Box 4270, Warren, Ohio 44482, for Plaintiffs-Appellants.

Dennis Watkins, Prosecutor, Milan Brkich, Assistant Prosecutor, Trumbull County Prosecutor's Office, 160 High Street N.W., Warren, Ohio 44481, for Defendant-Appellee, Trumbull County Board of Commissioners.

Ronald H. Janetzke, 741 East Broad Street, Columbus, Ohio 43205, for Defendant-Appellees, AFSCME Ohio Council 8 & AFSCME Ohio Council 8 [Local No. 2493].

CACIOPPO, J.

The only undisputed facts as recognized by all three parties are as follows:

1. Trumbull County Board of Commissioners (Commissioners) is a political subdivision of the State of Ohio and as such is a public employer.

2. AFSCME Ohio Local Council 8 (Local No. 2493) ("AFSCME") is the recognized collective bargaining agent of the appellants who were employees for the Commissioners.

3. At the time of the labor dispute there was a collective bargaining agreement. (Agreement was not submitted as part of the record.)

Appellants allege that on January 8, 1987, the Commissioners notified them of their layoff which was to be effective January 24, 1987. Also, appellants allege that they attempted to exercise their "bumping rights" under the labor agreement, but were denied by the Commissioners. Appellants further claim that this denial was a breach of contract, so they, via AFSCME, filed a grievance on February 6, 1987. Finally, appellants allege that at the stage of arbitration, AFSCME attempted to withdraw the grievance, and the Commissioners have since then failed to arbitrate the subject grievance.

Consequently, appellants filed their complaint on December 20, 1988. On January 19, 1988, AFSCME filed several motions to dismiss, or in the alternative, motions for summary judgment.

On or about February 7, 1989, the Commissioners filed a motion to dismiss. Appellants then filed a memorandum contra defendants' motions on March 3, 1989. In response, AFSCME filed their reply memorandum on March 17, followed by the Commissioner's reply memorandum on March 17, 1989.

Finally, on July 13, 1989, the trial court ruled on all the motions and sustained both AFSCME's motion for summary judgment, and the Commissioner's motion to dismiss, and also dismissed both appellants' complaint against both appellees.

On August 4, 1989, appellants timely filed a notice of appeal raising the following assignments of error.

"1. The trial court erred in granting the motions of defendant-appellee, Trumbull County Board of Commissioners, to dismiss.

"2. The trial court erred in dismissing the complaint against defendant-appellee, Trumbull County Board of Commissioners, for failure of plaintiffs to exhaust their contractual remedies.

"3. The trial court erred in granting the motion of defendant-appellees, AFSCME Ohio Council 8 and AFSCME Ohio Council 8 (Local No. 2493), for summary judgment."

Appellants raise three assignments of error. The first two assignments have a common basis in law and fact and shall be treated in a consolidated fashion.

In essence, appellants argue that AFSCME had no power of authority to withdraw the grievance on June 20, 1988, and as such, the purported withdrawal of the grievance was wholly ineffective. Further, appellants claim that the issue of bumping rights remains arbitrable and the commissioners should be ordered to arbitrate the matter.

Appellants' assertion invokes the question of primary jurisdiction. In *Marine Engi-*

*neers Beneficial Assoc. v. Interlake Steamship Co.* 370 U.S. 173 (1962), the United States Supreme Court held that courts will not get involved in controversies which are within the jurisdiction of an administrative agency prior to the agency ruling. In *United States v. Western Pacific Railroad Co.* 352 U.S. 59, 63-64, (1956), the court stated:

"Primary jurisdiction *** applies where a claim is originally cognizable in the courts, and comes into play when ever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, *have been placed within the special competence of an administrative body;* in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views." (Emphasis in original).

In the present case, the pertinent administrative body is the State Employment Relations Board (SERB) which derives its power from R.C. 4117.02, the Public Employees Collective Bargaining Act. R.C. 4117 was created in an effort to establish a comprehensive scheme to facilitate the orderly resolution of labor disputes involving public employees. *Dayton F.O.P. v. S.E.R.B.* (1986), 22 Ohio St. 3d 1. The case at bar is a labor dispute which involves public employees, an employer and a representative. In the dispute itself, appellee Commissioners laid off appellants who sought to assert their bumping rights under the labor contract and were denied. Appellants alleged that this was a breach of contract.

The breach was undoubtedly subject to the collective bargaining agreement because appellants pursued the grievance procedure up to arbitration. AFSCME's alleged withdrawal of the grievances is what allegedly halted the arbitration.

In *State, ex rel. Ramsdell v. Washington Local School Board* (Sept. 16, 1988), Lucas App. No. L-88-011, unreported, the court dealt with a notably similar situation to the case at bar which is on point and persuasive.

The court in *Ramsdell, supra,* stated that the trial court correctly announced that R.C. 4117, Public Employees Collective Bargaining, now governs disputes such as the one at bar. R.C. 4117.11(B) states:

"It is an unfair labor practice for an employee organization *** to:

"***

"(6) Fail to fairly represent all public employees in a bargaining unit [.]" In *Ramsdell, supra,* the court also construed R.C. 4117.12(A), which provides that:

"Whoever violates section 4117.11 of the Revised Code is guilty of an unfair labor practice remediable by the state employment relations board [hereinafter SERB] as specified in this section."

The court in *Ramsdell* expounded by saying:

"This court has recently stated:

"[A]n act which constitutes an unfair labor practice under R.C. Chapter 4117 is subject to the exclusive jurisdiction of SERB to the exclusion of the court of common pleas. *Gray v. City of Toledo* (May 15, 1987), Lucas App. No. L-86-113, unreported, at 3." *Ramsdell, supra,* at 6. Based on the *Ramsdell* court's analysis, R.C. 4117.11 and R.C. 4117.12 vests exclusive jurisdiction in SERB to remedy unfair labor practices.

Appellants, in the case at bar, essentially argue that were it not for the attempted withdrawal by AFSCME, appellants could have pursued its contractual recourse. This argument rings similar to that in *Ramsdell, supra,* wherein appellant argued that her case fell under the exception to the exhaustion of contractual remedy rule enunciated in *Vaca v. Sipes* 386 U.S. 171 (1967). In *Vaca,* the Supreme Court stated:

"[T]he employee may seek judicial enforcement of his contractual rights *** if, as is true here, the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if, as is alleged here, the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance." *Id.,* at 185. (Emphasis in original).

*Vaca, supra,* was relied upon in *Braswell v. Lucas Metro. Housing Auth.* (1985), 26 Ohio App. 3d 51, where the *Braswell* court held that if the court determines the union's act to be wrongful, the court may then hear the underlying grievance instead of remanding to the arbitrator under the collective bargaining agreement's grievance procedure.

In *Ramsdell, supra,* the appellate court confirmed the lower court's finding that, "the exception set forth in *Vaca* and *Braswell*[1] is superseded by R.C. Chapter 4117 and no longer applicable in Ohio when the underly-

ing dispute is between a public employee and a public employer who have entered into a collective bargaining agreement." *Ramsdell, supra,* at 6. (Footnote omitted).

The *Ramsdell* court, *supra,* further held that:

"*** since passage of R.C. Chapter 4117, a common pleas court can no longer obtain jurisdiction over a case such as the one at bar merely because the plaintiff alleges that the union wrongfully refused to process a grievance. As noted by the trial court in its opinion below, if Ms. Ramsdell is dissatisfied with the decision made by SERB on the issue of whether TAWLS committed an unfair labor practice by refusing to process her tenure grievance, she may appeal SERB's decision to the common pleas court. See, R.C. 4117.13(D)." *Id.* at 7.

Likewise, in the present case, if appellants believe that the grievance was wrongfully withdrawn and the Commissioners wrongfully refused to arbitrate, then appellants must pursue the alleged unfair labor practices through SERB pursuant to R.C. 4117, prior to appealing to this court.

The claims regarding the statute of limitations are not appropriate for determination at this stage, because it is only applicable with regard to actions brought under R.C. 4117. Consequently, this decision as to whether appellants' action is timely is properly determined by SERB.

Therefore, under the doctrine of primary jurisdiction and the fact that R.C. 4117 now governs labor disputes, per *Randall, supra,* all claims under the first and second assignments of error are without merit.

Appellants' third assignment of error consists of several arguments:

the complaint against AFSCME was timely filed; the administrative remedy under R.C. 4117 was cumulative not exhaustive; and, the doctrine of primary jurisdiction does not operate to defeat a right of election a party may have between an administrative and judicial remedy.

In essence, the third assignment arises out of the second claim of appellants' original complaint, which alleged a breach of duty of fair representation, and a breach of fiduciary duty against AFSCME.

Appellants rely on *Braswell, supra,* to establish that R.C. 4117 created no new right for an employee to proceed against his public sector union on the respective theories of "breach of contract" and "breach of duty" of fair representation.

*Braswell, supra,* was effectively overruled by *Ramsdell, supra,* with regard to labor disputes occurring after April 1, 1984. The dispute in the case at bar originated in 1987.

In *Ramsdell, supra,* in an all encompassing footnote, the court stated:

" *Braswell v. Lucas Metro. Housing Auth.* (1985), 26 Ohio App. 3d 51, was decided after R.C. Chapter 4117 became effective, but the labor dispute which was the subject of that case arose prior to the effective date of Ohio's Public Employees' Collective Bargaining law. Therefore, to the extent that our holding in *Braswell* is inconsistent with the law asset forth in R.C. Chapter 4117, it does not apply to labor disputes which arise after April 1, 1984, the date R.C. Chapter 4117 became law. We note that several Ohio common pleas courts, as well as the State Employment Relations Board, have relied on our holding in *Braswell* in construing R.C. Chapter 4117. *Braswell* was not decided under Ohio's Public Employees' Collective Bargaining law and should not be used as precedent in construing that law." *Id.* at 8.

Therefore, based upon the analysis set out in the first two assignments and the foregoing footnote, appellant's third assignment of error is also without merit.

· For the reasons stated in the opinion of this court, the judgment of the trial court is affirmed.

CHRISTLEY, P.J. and PRYATEL, J., concur.

MARY CACIOPPO, J., Ninth Appellate District, and AUGUST PRYATEL, J., ret., Eighth Appellate District, sitting by assignment.