OPINION
Defendants-appellants United Electrical, Radio and Machine Workers of America and United Electrical, Radio and Machine Workers of America Local No. 799 appeal from the April 14, 2000, Judgment Entry of the Delaware County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
Appellants United Electrical, Radio and Machine Workers of America and United Electrical, Radio and Machine Workers of America Local No. 799 (hereafter referred to as "appellants") were certified as the exclusive bargaining representatives for various employees, including custodians and bus drivers, employed by appellee Delaware City School District Board of Education.
On August 26, 1999, after extensive negotiations, appellee entered into a collective bargaining agreement with appellants for the period from July 1, 1999, through June 30, 2002. The collective bargaining agreement, which establishes wages, hours and other conditions of employment, specifically provides in Article XI for step schedule increases resulting in an increase in wages. The collective bargaining agreement also contains a grievance procedure for the resolution of grievances under the agreement.
In August of 1999, after appellee refused to provide the requisite step and wage increases to all employees covered by the collective bargaining agreement, appellants filed a grievance. The grievance was subsequently denied by appellee.
On December 9, 1999, appellants filed a complaint against appellee in the Delaware County Court of Common Pleas, alleging that appellee had violated Article XI of the collective bargaining agreement by failing to provide step increases to fifteen specified bargaining unit employees. Appellants, in their complaint, sought advancement of all employees to the appropriate wage steps as well as compensation for damages resulting from the denial of the step advancements.
Thereafter, on February 4, 2000, appellee filed a Motion to Dismiss pursuant to Civ.R. 12 (B)(6), 12(B)(7), 17(A) and 19, arguing that appellants failed to state a claim upon which relief could be granted and failed to "join parties who are both necessary parties and the real parties in interest." Appellee specifically argued that all affected bargaining unit employees were necessary parties and that appellants' failure to name the employees as parties left appellee vulnerable to "multiple and potentially inconsistent judgments". A memorandum in opposition to the Motion to Dismiss was filed by appellants on February 18, 2000, to which appellee filed a reply on February 24, 2000.
Pursuant to a Judgment Entry filed on March 3, 2000, the trial court found that Civ.R. 19(A)(2)(b) required the fifteen employees named in appellants' complaint to be joined as parties for just adjudication. For such reason, the trial court granted appellants thirty days leave in which to join such parties. The trial court, in its entry, stated that failure to do so would result in dismissal of appellants' complaint. After appellants failed to join the fifteen employees named in the complaint as necessary parties, the trial court, as memorialized in a Judgment Entry filed on April 14, 2000, dismissed appellants' complaint without prejudice.
It is from the trial court's April 14, 2000, Judgment Entry that appellants now prosecute their appeal, raising the following assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE DELAWARE CITY SCHOOL DISTRICT BOARD OF EDUCATION'S MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY PARTIES — UNION MEMBERS COVERED BY A COLLECTIVE BARGAINING AGREEMENT — UNDER RULE 19(A)(2)(b) OF THE OHIO RULES OF CIVIL PROCEDURE.
Appellants, in their sole assignment of error, argue that the trial court erred in granting appellee's Motion to Dismiss for failure to join the union members covered by the collective bargaining agreement as necessary parties under Civ. R. 19(A)(2)(b). Such rule provides as follows:
(A) Persons to be joined if feasible
 A person who is subject to service of process shall be joined as a party in the action if . . . (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, . . .
R.C. Chapter 4117 provides for and regulates public employees' collective bargaining. R.C. 4117.09(B)(1) states as follows: The [collective bargaining] agreement shall contain a provision that:
 (1) Provides for a grievance procedure which may culminate with final and binding arbitration of unresolved grievances, and disputed interpretations of agreements, and which is valid and enforceable under its terms when entered into in accordance with this chapter. No publication thereof is required to make it effective. A party to the agreement may bring suits for violation of agreements or the enforcement of an award by an arbitrator in the court of common pleas of any county wherein a party resides or transacts business. (Emphasis added).
While appellee argues that the fifteen employees listed in the complaint are parties to the agreement, appellants contend that "party to the agreement" as such term is used in R.C. 4117.09(B)(1) includes only the signatories to the collective bargaining agreement. Since the union members listed in the complaint did not actually sign the collective bargaining agreement, appellants maintain that they were not parties to the same and, therefore, cannot bring a suit for violation of the collective bargaining agreement pursuant to R. C. 4117.09(B)(1). According to appellants, such employees are, therefore, not necessary parties under Civ. R. 19. We agree.
Previously, this Court has held that union members are not "parties" to a collective bargaining agreement. In Art v. Newcomerstown Board ofEducation (Jan. 11, 1993), Tusc. App. No. 92AP050038, a member of a teachers' union filed suit against his employer seeking to vacate an arbitrator's award pursuant to R. C. 2711.10. The teacher was represented at the arbitration by the teachers' union. After the trial court overruled the employer's motion to dismiss on the grounds that the teacher was not a "party to the arbitration", the employer appealed. In holding that the teacher lacked standing to vacate the arbitrator's award, this Court cited Wilson v. Toledo Board of Education (Oct. 17, 1986), Lucas App. No. L-85-425, unreported, in holding as follows:
 We have found no Ohio case or statute defining who is a "party" within the meaning of R.C. 2711.10. Nonetheless, we are guided by several federal decisions which describe who has standing to vacate various arbitration awards in federal court. The general rule is that individual employees have no standing to challenge an arbitration proceeding to which the union and the employer were the sole parties. Anderson v. Norfolk Western Ry. Co. (C.A.7, 1985), 773 F.2d 880, 882. See, e.g. Vosch v. Werner Continental, Inc. (C.A.3, 1984), 734 F.2d 149, 154, certiorari denied, 469 U.S. 1108, 105 U.S. 1108, 105 S.Ct. 784 (1985). An exception to this general rule occurs where the union has breached its duty of fair representation or on grounds of fraud and deceit. See, Vosch, supra, at 154; Andrus v. Convoy Co. (C.A.9, 1973), 480 F.2d 604, 606, certiori denied, 414 U.S. 989 (1973); Harris v. Chemical Leaman Tank Lines, Inc. (C.A.5, 1971), 437 F.2d 167, 171; Acuff v. Papermakers and Paperworkers AFL-CIO (C.A.5, 1968), 404 F.2d 169, 171 n. 2, certiorari denied, 394 U.S. 987 (1969); Lofton v. U.S. Postal Service
(S.D.N.Y. 1984), 592 F. Supp. 36; United States Postal Service v. American Postal Workers Union (S.D.N.Y. 1983), 564 F. Supp. 545, 547-51. . . .
 Based on the foregoing case law, we conclude that an employee such as Wilson does not have standing to challenge an arbitration award, pursuant to R.C. 2711.10, and is not a "party" within the meaning of that statute where the union and the employer (Board) were the sole parties to the arbitration proceeding.
While the decision in Art only pertains to R. C. 2711.10, we concur with appellants that the conclusion that public employee's are not "parties" under R. C. 2711.10 is directly applicable to the use of the term "party" in R. C. 4117.09(B)(1). As noted by the court in Lepp v. State of Ohio,Hazardous Waste Facility Board (Sept. 26, 1991), Franklin App. No. 91AP-464, unreported, "given the similarity in language between R. C.2711.09 (party to the arbitration)[1] and the pertinent sections of R. C. Chapter 4117 (party to the agreement), a finding of standing under the latter supports standing under the former." The converse also holds true.
In Daughriety v. State of Ohio, Mount Vernon Developmental Center
(Sept. 19, 1994), Knox App. No. 94 CA 03, unreported, a public employee who was a member of a union filed a complaint against her employer for breach of the collective bargaining agreement after she was denied a promotion and, subsequently, laid off. The employee filed suit after the union declined to take the matter to arbitration. In holding that the trial court's dismissal of the employee's lawsuit was proper, this Court cited Art for the proposition that "the union and the employer are the proper parties in an action concerning public sector labor, and that anindividual employee cannot bring a private lawsuit." (Emphasis added).
Our decisions in Art and Daughriety are in accord with the court's decision in Braswell v. Lucas Metro Housing Auth. (1985), 26 Ohio App.3d 51
in which the court held in paragraph three of the syllabus that "[a]n employee allegedly discharged in violation of a collective bargaining agreement may independently pursue relief against any employer only upona showing of a breach of the union's duty of fair representation."
(Emphasis added). Clearly, pursuant to Braswell, an employee cannot bring a private lawsuit against an employer for breach of a collective bargaining agreement unless the union representing the employee has breached its duty of fair representation.[2] Rather, the employee is beneficiary of the collective bargaining agreement. See Wilks v.American Bakeries Co. (1983), 563 F. Supp. 560.
Based on the foregoing, we find that the fifteen parties named in appellants' complaint were not necessary parties under Civ. R. 19(A)(2)(b). The trial court, therefore, erred in granting appellee's Motion to Dismiss.
Appellants' sole assignment of error is sustained.
The Judgment of the Delaware County Court of Common Pleas is reversed and this matter is remanded to the trial court.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is reversed and this matter is remanded to the trial court. Costs to appellee.
 _____________ Edwards, P.J.
Wise, J. and Boggins, J. concur.
[1] R.C. 2711.09 provides that "[a]t any time within one year after an award in an arbitration proceeding is made, any party to the arbitration
may apply to the court of common pleas for an order confirming the award." (Emphasis added)
[2] We are cognizant of the fact that the courts in State ex rel.Ramsdell v. Washington Local School Bd. (1988), 52 Ohio App.3d 4 andShamrock v. Trumbull County Commrs. (1990), 71 Ohio App.3d 54 held thatBraswell, supra., has been superseded by R.C. Chapter 4117, which became effective in 1984, and that Braswell is no longer applicable in Ohio where the underlying dispute is between a public employee and a public employer who have entered into a collective bargaining agreement.
R.C. Chapter 4117 is the Public Employees' Collective Bargaining Act. R.C. 4117.11(B) states, in relevant part, as follows:
 It is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to: . . .
 6) Fail to fairly represent all public employees in a bargaining unit;
In turn, R.C. 4117.12(A) states as follows:
 Whoever violates section 4117.11 of the Revised Code is guilty of an unfair labor practice remediable by the state employment relations board as specified in this section. (Emphasis added.)
The State Employment Relations Board, which is commonly known as "SERB", has exclusive jurisdiction to decide matters committed to it, pursuant to R.C. Chapter 4117. Franklin Cty. Law Enforcement Assn. v. Fraternal Orderof Police, Capital City Lodge No. 9 (1991), 59 Ohio St.3d 167. SERB, therefore, has exclusive jurisdiction to determine the validity, or lack thereof, of unfair labor practices. City of East Cleveland v. EastCleveland Firefighters Local 500 (1994), 70 Ohio St.3d 125, 127. The remedies provided in R.C. Chapter 4117 are exclusive. Franklin Cty. LawEnforcement, supra.
In Ramsdell, the appellant, who was a school guidance counselor, filed a complaint against the Washington Local School Board seeking a declaratory judgment that she was entitled to tenure. The appellant filed her complaint in the Lucas County Court of Common Pleas after the union representing her (TAWLS) refused to pursue appellant's grievance against the School Board. Applying the above statutes, the Sixth District Court of Appeals stated as follows in holding that the trial court was correct in dismissing appellant's complaint for lack of subject matter jurisdiction:
 Therefore, since the passage of R.C. Chapter 4117, a common pleas court may no longer obtain jurisdiction over a case such as the one at bar merely because the plaintiff alleges that the union wrongfully refused to process a grievance. As noted by the trial court in its opinion below, if Ramsdell is dissatisfied with the decision made by SERB on the issue of whether TAWLS committed an unfair labor practice by refusing to process her tenure grievance, she may appeal SERB's decision to the common pleas court. See R.C. 4117.13(D).
Id. at 7
Citing to Ramsdell, the Eleventh District Court of Appeals, inShamrock, supra., held that county employees who believed that a grievance based on their layoffs was wrongfully withdrawn by the union representing them and that their employer wrongfully refused to arbitrate were required to pursue alleged unfair labor practices through SERB in accordance to R.C. Chapter 4117.
Clearly, based on the above cases, it is extremely difficult, if not impossible, for a public employee to pursue an individual private lawsuit in common pleas court against a public employer. For such reason, we find that there is not a substantial risk of appellee incurring "double, multiple or otherwise inconsistent obligations" in the case sub judice if the fifteen employees named in the complaint in this matter are not
joined pursuant to Civ.R. 19(A)(2)(B). And, we find this regardless of whether we follow the reasoning of Braswell, supra. or of Ramsdell, supra.