THE STATE EX REL. OHIO DEPARTMENT OF MENTAL HEALTH ET AL., APPELLEES, *v.* NADEL, JUDGE, ET AL., APPELLANTS.

[Cite as *State ex rel. Ohio Dept. of Mental Health v. Nadel,* 98 Ohio St.3d 405, 2003-Ohio-1632.]

(No. 2002–1770—Submitted February 11, 2003—Decided April 16, 2003.)

**Per Curiam.**

{¶ 1}  Stewart M. Harris Jr., M.D., is a psychiatrist who was employed by the Pauline Warfield Lewis Center, an institution located in Cincinnati, Ohio, and operated by appellee Ohio Department of Mental Health ("ODMH").  Dr. Harris was a member of a collective-bargaining unit represented by District 1199, the Health Care and Social Service Union, Service Employees International Union, AFL–CIO.  Effective December 29, 1998, the center terminated Dr. Harris's employment after several female coworkers made allegations of sexual harassment against him.

{¶ 2}  Under the collective-bargaining agreement between the state of Ohio and the union, Dr. Harris filed a grievance challenging his termination, and the matter was ultimately submitted to arbitration.  On July 30, 1999, following an evidentiary hearing, the arbitrator denied Dr. Harris's grievance.  The arbitrator concluded that Dr. Harris was guilty of sexual harassment and insubordination.

{¶ 3}  In August 1999, Dr. Harris filed an unfair-labor-practice charge against the union with the State Employment Relations Board ("SERB").  Dr. Harris contended that the union had failed to fairly and adequately represent him at the arbitration hearing and had thereby violated R.C. 4117.11(B)(1) and (6).  More specifically, Dr. Harris claimed that the union attorney (1) removed several of Dr. Harris's witnesses from the list of those who would testify, (2) did not cross-examine certain key state witnesses and would not permit Dr. Harris to testify in his own behalf, (3) did not prepare Dr. Harris's witnesses for the hearing and did not review the written statements of either his witnesses or the state's witnesses, and (4) refused to agree to the arbitrator's offer to extend the hearing by one day to hear all of Dr. Harris's witnesses because the attorney was concerned about starting her vacation on time.  The union also refused to hire his personal attorney at union expense.

{¶ 4}  In October 1999, SERB dismissed Dr. Harris's unfair-labor-practice charge.  In February 2000, SERB denied Dr. Harris's motion for reconsideration.

{¶ 5}  Dr. Harris did not file a complaint for a writ of mandamus to challenge SERB's dismissal of his unfair-labor-practice charge.  See *State ex rel. Portage Lakes Edn. Assn., OEA/NEA v. State Emp. Relations Bd.*, 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, ¶ 35, quoting *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 173, 689 N.E.2d 962, syllabus (" 'An action in mandamus is the appropriate remedy to

obtain judicial review of orders by the State Employment Relations Board dismissing unfair labor practice charges for lack of probable cause' "). Instead, in October 1999, Dr. Harris filed an application in the Hamilton County Court of Common Pleas to vacate the arbitration award pursuant to R.C. 2711.10. Dr. Harris alleged that the arbitrator "exceeded the scope of his powers and so imperfectly executed his powers that a mutual, final, indefinite [sic] award upon the subject matter submitted was not made," "failed to properly consider evidence pertinent and material to the controversy," and ignored testimony and written statements.

{¶ 6} After ODMH moved to dismiss Dr. Harris's application, Dr. Harris moved to amend his application to allege that the arbitration award had been procured by fraud and undue means, including the union's unfair representation, and that the union had breached its duty of fair representation. In the amended application, Dr. Harris claimed that the union failed to thoroughly investigate, prepare, and present his claim at arbitration by, inter alia, (1) refusing to request an additional hearing day because of the vacation plans of the union attorney, (2) failing to permit Dr. Harris to testify, (3) refusing to permit certain witnesses to testify, (4) failing to prepare witnesses, and (5) failing to cross-examine several of the center's witnesses.

{¶ 7} In his response to ODMH's dismissal motion, Dr. Harris noted that in his application to vacate the arbitration award, he was "questioning the arbitrator's failure (because of unfair representation of the Union) to hear evidence that was pertinent and material to the controversy." In a subsequent memorandum, Dr. Harris again emphasized that he was attacking the arbitration award because of the alleged unfair representation provided by his union.

{¶ 8} In June 2000, appellant Hamilton County Court of Common Pleas Judge Norbert A. Nadel denied ODMH's dismissal motion. Judge Nadel determined that Dr. Harris had standing to vacate the arbitration award because he had alleged that the union breached its duty of fair representation.

{¶ 9} ODMH then moved for summary judgment. In his response, Dr. Harris reiterated that "much of the impropriety at [the arbitration] hearing was caused by the Union's unfair representation" and that his "theory is that the unfair representation so tainted the grievance and arbitration procedure that a separate lawsuit against the employer in court is permitted." In another response, Dr. Harris again emphasized that the union "breached its obligation to represent him fairly in the proceedings against him."

{¶ 10} In February 2002, appellant Richard A. Bernat, a magistrate for the common pleas court, denied ODMH's motion for summary judgment. In March 2002, Judge Nadel adopted the magistrate's decision.

{¶ 11} In April 2002, appellees, ODMH and its director, filed a complaint in the Court of Appeals for Hamilton County for a writ of prohibition to prevent

Judge Nadel and Magistrate Bernat from proceeding in the underlying case. Appellees also named Dr. Harris as a respondent. Judge Nadel and Magistrate Bernat moved to dismiss and, upon court order deferring consideration of their motion, filed an answer. Dr. Harris filed an answer in which he specified that because his amended application to vacate the arbitration award *"sounds in unfair representation,* the [common pleas] court is empowered to hear his claims." (Emphasis added.)

{¶ 12} In August 2002, the court of appeals denied the motion to dismiss and granted appellees a writ of prohibition to prevent Judge Nadel and Magistrate Bernat from exercising further jurisdiction over Dr. Harris's application to vacate the arbitration award. In its opinion, the court of appeals noted that Dr. Harris had "conceded at oral argument that his claims concerning the arbitrator's 'misconduct' are premised on the union's failure to properly represent him at the arbitration hearing."

{¶ 13} This cause is now before the court upon Judge Nadel and Magistrate Bernat's appeal as of right.[1]

## Laches

{¶ 14} Judge Nadel and Magistrate Bernat assert that laches warrants denial of the writ because ODMH and its director delayed almost two and a half years before commencing their action for a writ of prohibition to prevent the judge and the magistrate from exercising jurisdiction over Dr. Harris's application to vacate the arbitration award. Appellants rely on *State ex rel. Fuller v. Medina Cty. Bd. of Elections,* 97 Ohio St.3d 221, 2002-Ohio-5922, 778 N.E.2d 37, ¶ 7–12, in support of their assertion.

{¶ 15} Appellants' contention lacks merit. Unlike *Fuller,* this is not an election case. "Relators in election cases must exercise the utmost diligence," and "if they fail to do so, laches may bar the action." Id. at ¶ 7. Conversely, "[i]n nonelection cases, laches is an affirmative defense which must be raised or else it is waived." *State ex rel. Spencer v. E. Liverpool Planning Comm.* (1997), 80 Ohio St.3d 297, 299, 685 N.E.2d 1251. Appellants did raise this issue in their motion to dismiss.

{¶ 16} Nevertheless, appellants did not establish laches here. "[T]he elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Mallory v. Pub. Emp. Retirement Bd.* (1998), 82 Ohio St.3d 235, 244, 694 N.E.2d 1356.

---

1. Although Dr. Harris also filed a notice of appeal, he failed to file a timely merit brief, and his appeal was dismissed for want of prosecution. S.Ct.Prac.R. VI(7).

Appellants, including Dr. Harris, failed to introduce any argument or evidence of prejudice, including prejudice to Dr. Harris's ability to defend against the jurisdictional claims of ODMH and its director. Id.

{¶ 17}   Therefore, laches did not bar the prohibition claim.

## Prohibition

{¶ 18}   Judge Nadel and Magistrate Bernat next assert that the court of appeals erred in granting the writ of prohibition because they do not patently and unambiguously lack jurisdiction over Dr. Harris's application to vacate the arbitration award.

{¶ 19}   If a lower court patently and unambiguously lacks jurisdiction over the cause, prohibition will issue to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions. *State ex rel. Sartini v. Yost,* 96 Ohio St.3d 37, 2002-Ohio-3317, 770 N.E.2d 584, ¶ 24.

{¶ 20}   Judge Nadel and Magistrate Bernat claim that they do not patently and unambiguously lack jurisdiction over Dr. Harris's application because the allegations of the application sufficiently state grounds upon which common pleas courts exercise jurisdiction under R.C. 2711.10 to vacate arbitration awards.[2]

{¶ 21}   The mere fact that Dr. Harris couched the allegations of his application and amended application in language comparable to that found in R.C. 2711.10 is insufficient to vest jurisdiction in the common pleas court. Cf., e.g., *State ex rel. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas,* 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92, ¶ 21, quoting *Higgins v. Columbia Gas of Ohio, Inc.* (2000), 136 Ohio App.3d 198, 202, 736 N.E.2d 92 (" 'Casting the allegations in the [common pleas court] complaint to sound in tort or contract is not sufficient to confer jurisdiction upon a trial court' when the basic claim is one that the commission has exclusive jurisdiction to resolve"); *Whitman v. Hamilton Cty. Bd. of Elections,* 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 9 (court looks beyond the allegations of a mandamus claim to discern the manifest objective of the claim).

---

2. {¶ a}   R.C. 2711.10 provides:

{¶ b}   "In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

{¶ c}   "(A) The award was procured by corruption, fraud, or undue means.

{¶ d}   "(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

{¶ e}   "(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

{¶ f}   "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

{¶ 22} In this case, the court of appeals did not need to analyze Dr. Harris's allegations in his initial and amended applications. Dr. Harris admitted at oral argument and in his answer that his common pleas court case was premised upon his claim that the union breached its duty of fair representation. By so conceding, Dr. Harris invited any possible error by the court of appeals in determining that this was his sole claim in the underlying action. See *State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27 ("Under [the invited-error] doctrine, a party is not entitled to take advantage of an error that he himself invited or induced the court to make").

{¶ 23} SERB, not the common pleas court, had exclusive jurisdiction to resolve Dr. Harris's claim of unfair representation pursuant to R.C. Chapter 4117. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph one of the syllabus. Exclusive jurisdiction to resolve unfair labor practice charges is vested in SERB in two general areas: (1) where one of the parties filed charges with SERB alleging an unfair labor practice under R.C. 4117.11 and (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11. *E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.* (1994), 70 Ohio St.3d 125, 127–128, 637 N.E.2d 878.

{¶ 24} R.C. 4117.11(B)(6) specifies that it is an unfair labor practice for an employee organization to "[f]ail to fairly represent all public employees in a bargaining unit." Consequently, the claimed breach of this duty of fair representation falls solely within the exclusive jurisdiction of SERB. See, e.g., *State ex rel. Cleveland City School Dist. Bd. of Edn. v. Pokorny* (1995), 105 Ohio App.3d 108, 110, 663 N.E.2d 719; *Gallant v. Toledo Pub. Schools* (1992), 84 Ohio App.3d 378, 385, 616 N.E.2d 1156; *Shamrock v. Trumbull Cty. Commrs.* (1990), 71 Ohio App.3d 54, 57–59, 593 N.E.2d 28.

{¶ 25} Therefore, Judge Nadel and Magistrate Bernat patently and unambiguously lack jurisdiction over Dr. Harris's claims, and the court of appeals correctly granted a writ of prohibition to prevent their continued exercise of jurisdiction. See *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas* (1996), 76 Ohio St.3d 287, 667 N.E.2d 929.

{¶ 26} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

Jim Petro, Attorney General, Jack W. Decker and Christina M. Wendell, Assistant Attorneys General, for appellees.

Michael K. Allen, Hamilton County Prosecuting Attorney, and Christian J. Schaefer, Assistant Prosecuting Attorney, for appellants Norbert A. Nadel and Richard A. Bernat.

Hunter, Carnahan & Shoub and Robert R. Byard, urging affirmance for amicus curiae SEIU District 1199, the Health Care and Social Service Union, SEIU, AFL–CIO.

Mark E. Linder, Associate General Counsel, urging affirmance for amicus curiae Ohio Civil Service Employees Association, Local 11, AFL–CIO.