[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Joseph Pulizzi seeks an accelerated appeal of the decision of the Erie County Court of Common Pleas, which dismissed his complaint for breach of contract against the city of Sandusky ("City"). Because we conclude that the trial court did not err when it dismissed Pulizzi's complaint, we affirm the decision.
 {¶ 2} Joseph Pulizzi was terminated for insubordination from his position as a full time firefighter/EMT for the City's fire department. He was a member of the International Association of Firefighters, Local 327 and had been employed under the terms of its collective bargaining agreement ("CBA") with the City. Pulizzi filed a grievance on March 28, 2001, challenging his termination. His union, the International Association of Firefighters, Local 327, chose not to pursue the matter. Pulizzi then made a written demand on the City that it arbitrate his grievance. When arbitration did not occur, Pulizzi filed a complaint with the Erie County Common Pleas Court alleging that the City's failure to respond to his letter demanding arbitration breached the CBA. Pulizzi then sought either reinstatement or arbitration of his grievance.
 {¶ 3} The City filed a motion to dismiss, citing the court's lack of subject matter jurisdiction under Civ.R. 12(B)(1) and the failure of the complaint to state a claim upon which relief can be granted under Civ.R. 12(B)(6). The trial court summarily granted the City's motion. Pulizzi now appeals and alleges as his sole assignment of error: "The trial court erred in granting defendant-appellee's motion to dismiss."
 {¶ 4} Courts have upheld judgments of dismissal where both Civ.R. 12(B)(1) and Civ.R. 12(B)(6) are raised and both rules could support the dismissal of the complaint in question. Howard v. Covenant ApostolicChurch, Inc. (1997), 124 Ohio App.3d 24, 26-28; Mayfield Heights FireFighters Association, Local 1500, I.A.F.F. v. DeJohn (1993),87 Ohio App.3d 358, 359, 361, 364.
 {¶ 5} An appeal of a dismissal for lack of subject matter jurisdiction under Civ.R. 12(B)(1), is reviewed de novo. Newell v. TRW,Inc. (2001), 145 Ohio App.3d 198, 200; Ford v. Tandy Transportation,Inc. (1993), 86 Ohio App.3d 364, 375; the principle inquiry is "whether the plaintiff has alleged any cause of action which the court has authority to decide." McHenry v. Industrial Commission of Ohio (1990),68 Ohio App.3d 56, 62.; See also, Newell, supra. at 200. The trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction under Civ.R. 12(B)(1), and it may consider pertinent material without converting the motion into one for summary judgment. Southgate Development Corp. v. Columbia Gas Transmission Corp.
(1976), 48 Ohio St.2d 211, paragraph one of the syllabus. See also,Pusher v. Toledo (Oct. 29, 1999), Lucas App. No. L-99-1182.
 {¶ 6} For a court to dismiss a complaint under Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the party to recovery. O'Brien v. University CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. As with a 12(B)(1) motion, the standard of review for a 12(B)(6) motion is de novo. Perrysburg Township v. Rossford, 149 Ohio App.3d 645,2002-Ohio-5498, at ¶ 13. The court, however, may not consider materials outside the complaint and must view all reasonable inferences in favor of the non-moving party. The court must also view all factual allegations in the complaint as true; furthermore, if any facts set forth in the complaint would allow the nonmoving party to recover, it is improper for the trial court to dismiss the complaint. Caston v. Bailey, 6th Dist No. E-03-008, 2003-Ohio-4727, at ¶ 5.
 {¶ 7} Pulizzi argues the common pleas court erred when it dismissed his complaint because it had jurisdiction over his suit, which was independent of R.C. 4117 (the statute governing CBAs). The Supreme Court of Ohio has stated, however, that "[t]he State Employment Relations Board has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117." Franklin County Law Enforcement Association v. Fraternal Order of Police, Capital City Lodge No. 9 (1991), 59 Ohio St.3d 167, at paragraph one of the syllabus. It then stated further, "[i]f a party asserts rights that are independent of R.C. Chapter 4117, the party's complaint may properly be heard in common pleas court. However, if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in the chapter are exclusive." Id., at paragraph two of the syllabus.
 {¶ 8} As parties to the CBA, the union and the employer are the proper parties to bring a suit for a breach of the collective bargaining agreement. Daughriety v. State of Ohio, Mount Vernon Developmental Center (Sept. 19, 1994), Knox App. No. 94 CA 03. The employee is not permitted to bring a private lawsuit in such a case. Id. The role of the employee in a collective bargaining agreement is that of a beneficiary. United Electrical, Radio and Machine Workers of America and United Electrical, Radio and Machine Workers of America Local No. 799 v. Delaware City School District Board of Education (June 11, 2001), Delaware App. No. 00CAH004010.
 {¶ 9} When an employee and an employer have entered into a collective bargaining agreement and a dispute arises, R.C. 4117 controls. State ex rel. Ramsdell v. Washington Local School Board (1988), 52 Ohio App.3d 4, 6-7. Any rights the public employee would have had under R.C. 124 are superceded by R.C. 4117. Provens v. Stark County Board of Mental Retardation Developmental Disabilities,64 Ohio St.3d 252, 258, 1992-Ohio-35.
 {¶ 10} Yet Pulizzi relies on R.C. 124.34, Ohio's statute governing the tenure of office of public employees. However, as Pulizzi's CBA provides for final binding arbitration, its contract terms supercede R.C.124.34. See, Swenton v. Gorden (Feb. 13, 1997), Cuyahoga App. Nos. 70860, 70864. Specific terms within a CBA also supercede state and local laws. Middleton v. State ex rel. Devies, 5th Dist No. 2001CA00366,2002-Ohio-3481, at ¶ 100; Bashford v. Portmouth (Feb. 22, 1989), Scioto App. No. 1704. Here, the CBA describes the process and remedies to be taken when an employee is dismissed, so an issue concerning dismissal is controlled by it. See, Board of Trustees, Union Township, Clermont County, Ohio v. Fraternal Order of Police, Ohio Valley Lodge No. 112,146 Ohio App.3d 456, 460-462, 2001-Ohio-8674. As a court must follow the express terms of the agreement, the court correctly determined that it did not have jurisdiction. See, Fields v. Ariss (Aug. 28, 2000), Warren App. No. CA2000-04-035.
 {¶ 11} An employee also must exhaust all grievance procedures under the collective bargaining agreement before bringing legal action. Olsieski v. Northeast Ohio Regional Sewer District (Mar. 18, 1993), Cuyahoga App. No. 62112. Where the grievance procedure is the exclusive remedy available to the employee under the CBA, the common pleas court acts properly when it dismisses a complaint pursuant to Civ.R. 12(B)(1) and Civ.R.12(B)(6). Mayfield Heights Fire Fighters Association, Local 1500, I.A.F.F. v. DeJohn (1993), 87 Ohio App.3d 358, 364. As we stated in Santiago v. Toledo (Feb. 13, 1998), Lucas App. No. L-97-1219, a public employee does not have a private cause of action against the employer if there are other reasonably satisfactory remedies provided through the administrative processes or by statute. Pulizzi could have taken further action against his union through the grievance procedure to obtain reinstatement or arbitration of his grievance.
 {¶ 12} In fact, underlying Pulizzi's complaint is the issue that the union did not proceed as far as it could have with his grievance against the City. That inaction could be characterized as an unfair labor practice. When faced with a like situation, appellate courts have stated that "[a] complaint based on conduct which arguably or actually constitutes an unfair labor practice is subject to the exclusive jurisdiction of the State Employment Relations Board." Stafford v. Greater Cleveland Regional Transit Authority (Dec. 23, 1993), Cuyahoga App. Nos. 63663, 65530, citing Gunn v. Euclid City School District Board of Education (1988), 51 Ohio App.3d 41, 43.
 {¶ 13} A union's refusal to process or arbitrate a grievance as well as a union's withdrawing a grievance has been deemed to be grounds for an unfair labor practice
 {¶ 14} allegation; therefore, the State Employment Relations Board ("SERB") has exclusive jurisdiction. Shamrock v. Trumbull County Commissioners (1990), 71 Ohio App.3d 54, 58; State ex rel. Ramsdell v. Washington Local School Board (1988), 52 Ohio App.3d 4, 7. When an unfair labor practice is alleged, as could be argued here, SERB has exclusive jurisdiction to resolve the issue, and the trial court must dismiss the complaint for lack of subject matter jurisdiction. East Cleveland v. East Cleveland Firefighters Local 500 I.A.F.F., 70 Ohio St.3d 125, 127-128,1994-Ohio-174; Toledo Police Patrolman's Association, Local 10, IUPA, AFL-CIO-CLC v. Toledo (1998), 127 Ohio App.3d 450, 457; State ex rel. Ohio Department of Mental Health v. Nadel, 1st Dist No. C-020255,2002-Ohio-4449, at ¶ 13-17; Civ.R. 12(B)(1). Even if Pulizzi's complaint was based on an actionable claim for breach of contract, his claim still falls solely within the jurisdiction of SERB and is subject to dismissal for lack of subject matter jurisdiction. See, Johnson v. Ohio Council Eight (2001), 146 Ohio App.3d 348, 351; Civ.R. 12(B)(1).
 {¶ 15} The trial court properly granted appellee's motion to dismiss. Appellant's sole assignment of error is found not well-taken, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.