**JOHNSON, Appellant,**

v.

**OHIO COUNCIL EIGHT et al., Appellees.**

[Cite as *Johnson v. Ohio Council Eight* (2001), 146 Ohio App.3d 348.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78674.

Decided Oct. 15, 2001.

*John Wood,* for appellant.

*Sean R. Grayson,* General Council, Ohio Council 8, AFSCME, AFL–CIO, for appellees.

LAWRENCE GREY, Judge.

Appellant, Mattie Johnson, appeals the decision of the trial court which granted appellee's motion to dismiss on the grounds of lack of jurisdiction. The appellees are Ohio Council Eight of American Federation of State, County and Municipal Employees, and two AFSCME employees, Leroy Ellmore and Jack Filak. We affirm.

Appellant was employed by MetroHealth Medical Center, a county employer, and was a member of AFSCME. AFSCME had a collective bargaining agreement in effect with the county. On April 5, 1996, MetroHealth discharged appellant for violation of a new attendance policy. Appellant filed a grievance and although the local union was responsible for pursuing the grievance, they were lax or remiss in pursing the claim. For example, an arbitrator was not appointed until March 1998. When an arbitration decision was finally reached, the decision was to return appellant to her job, but without back pay.

In her complaint, appellant alleged that she suffered due to her lack of wages and medical insurance while the grievance was pending. She also claimed that appellees refused to appeal the arbitrator's decision, and even refused to provide her with the documentation she needed to file the appeal herself. Appellant's complaint alleged three causes of action: breach of the collective bargaining agreement, tortious breach of contract, and tortious interference with the contractual obligations of MetroHealth to appellant.

Appellant's sole assignment of error states:

"The trial court erred in dismissing plaintiff's complaint for lack of jurisdiction over contract and tort actions against a public union."

I

Appellant raises four issues, and sets forth the first issue in the following language:

"Are actions for breach of contract, a tortious breach of contract, and tortious interference with contract, brought against a union representing public employees identical to or precluded by operation of R.C. 4117.11(B)(6) and R.C. 4117.12(A), requiring a filing before SERB, or rather permitted [by] R.C. 4117.09(B) allowing a suit in common pleas court?"

It might be more accurate to describe the issue before this court as follows:

"Are actions for breach of public employees' collective bargaining contract, a tortious breach of public employees' collective bargaining contract, and tortious interference with a public employees' collective bargaining contract, brought

against a union representing public employees identical to or precluded by operation of R.C. 4117.11(B)(6) and R.C. 4117.12(A), requiring a filing before SERB, or rather permitted by R.C. 4117.09(B) allowing a suit in common pleas court?"

When a party asserts a claim sounding in contract, a court must always ask: Which contract? The answer in this case is that we are dealing with a public employees collective bargaining contract. These contracts are exclusively within the jurisdiction of SERB.

■ Where a statute creates a new right and prescribes the remedy for its violation, that remedy is exclusive. See *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87. R.C. Chapter 4117 established a comprehensive framework for the resolution of public-sector labor disputes. R.C. Chapter 4117 states that unfair labor practices are remediable by the State Employment Relations Board, and therefore SERB has exclusive jurisdiction for claims under R.C. Chapter 4117. The statute does not provide for an original action in common pleas court.

Any claim that may be independent of R.C. Chapter 4117, such as a breach of contract, still falls solely within the jurisdiction of SERB. If the complaint alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11, SERB has exclusive jurisdiction. *E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.* (1994), 70 Ohio St.3d 125, 127–128, 637 N.E.2d 878; *State ex rel. Fraternal Order of Police v. Franklin Cty. Court of Common Pleas* (1996), 76 Ohio St.3d 287, 667 N.E.2d 929. If a claim for tortious interference with a contract alleges conduct that constitutes an unfair labor practice, SERB has sole jurisdiction. See *Cuyahoga Deputy Sheriffs' Union Local 1 v. McFaul* (Nov. 2, 2000), Cuyahoga App. No. 77693, unreported, 2000 WL 1643829.

Appellant's complaint alleged conduct which is an unfair labor practice under R.C. 4117.11(B)(6), specifically:

"Fail to fairly represent all public employees in a bargaining unit."

Appellant's claim for breach of contract is that appellees failed to pursue her grievance in accordance with the collective bargaining agreement, that is, a claim of failure to fairly represent all employees.

Appellant asserts that R.C. 4117.09(B)(1) provides a remedy for such a failure in common pleas court. R.C. 4117.09 says:

"(A) The parties to any collective bargaining agreement shall reduce the agreement to writing and both execute it.

"(B) The agreement shall contain a provision that:

"(1) Provides for a grievance procedure which may culminate with final and binding arbitration of unresolved grievances, and disputed interpretations of agreements, and which is valid and enforceable under its terms when entered into in accordance with this chapter. No publication thereof is required to make it effective. A party to the agreement may bring suits for violation of agreements or the enforcement of an award by an arbitrator in the court of common pleas of any county wherein a party resides or transacts business."

■ This section does not provide a right to an original action in the court of common pleas. Rather, the section requires that any collective bargaining agreement contain a two step procedure—a grievance procedure with arbitration first, and ultimately the right to file in common pleas court. Under the contract at issue here, as with all collective bargaining contracts, SERB had initial and exclusive jurisdiction over appellant's grievance for an unfair labor practice. The trial court was correct in finding that part one of the procedures had not been done.

## II

The second issue raised by appellant states that if R.C. Chapter 4117 is interpreted to preclude jurisdiction by the trial court, the statute is unconstitutional. She asserts that such an interpretation removes an employee's right to a remedy under common law.

Before the passage of R.C. Chapter 4117, a public employee could file an action in common pleas court against a union for failure to fairly represent. See *Braswell v. Lucas Metro. Hous. Auth.* (1985), 26 Ohio App.3d 51, 26 OBR 225, 498 N.E.2d 184. Before the passage of R.C. Chapter 4117, a public employer was not obligated to recognize or bargain with a union, but some public employers did and their employees had the right to fair representation. Thus, to argue as appellee does that a public employee did not have a right to an action for failure to fairly represent at common law because the employee did not have the right to union representation is tautological.

■ Unless prohibited by constitutional limitations, the legislature may modify or abolish common-law actions and defenses. *Thompson v. Ford* (1955), 164 Ohio St. 74, 57 O.O. 96, 128 N.E.2d 111. In enacting R.C. Chapter 4117, the legislature attempted to enact a comprehensive statutory scheme for collective bargaining for public employees. See *Rocky River v. State Emp. Relations Bd.* (1989), 43 Ohio St.3d 1, 539 N.E.2d 103. This scheme sets forth very specific rights and duties for public employers and public employees and their unions in making such agreements. It also sets out the remedies available for enforcing those rights and duties.

 Appellant asserts that by precluding an original action in common pleas court and requiring her to file first with SERB violates her right to a trial by jury, pursuant to Section 5, Article I of the Ohio Constitution. The constitutional right to a jury trial extends to those causes of action where the right existed at common law at the time the Ohio Constitution was adopted in 1802. *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 421, 633 N.E.2d 504. The right to a jury existed at common law for actions for monetary damages only, including tort and contract actions. See *Hoops v. United Tel. Co.* (1990), 50 Ohio St.3d 97, 553 N.E.2d 252. A third-party beneficiary to a contract had a right to recover in an action at law. See *Thompson v. Thompson* (1854), 4 Ohio St. 333, 1854 WL 82. If a public employer had voluntarily contracted with the union, an employee could have brought an action for monetary damages for breach of the collective bargaining agreement and would have been entitled to a jury at common law. R.C. Chapter 4117, however, has changed all that.

The issues raised by appellant here have been determined by the holding of the Ohio Supreme Court in paragraph two of the syllabus of *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*:

"If a party asserts rights that are independent of R.C. Chapter 4117, the party's complaint may properly be heard in common pleas court. However, if a party asserts claims that *arise from* or *depend on* the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive." (Emphasis supplied.)

The decision of the legislature to create a comprehensive system for collective bargaining for public employees, which includes a grant of exclusive jurisdiction to SERB for claims of an unfair labor practice, is not unconstitutional under Ohio's constitution.

### III

 Appellant's third issue is whether the duty of fair representation under Ohio law has been pre-empted by the federal duty of fair representation. It has not. A state or its political subdivision is statutorily excluded from the category of employers subject to the National Labor Relations Act ("NLRA"). See Section 152(2), Title 29, U.S.Code; *Columbus Edn. Assn. v. Archuleta* (1986), 29 Ohio App.3d 264, 266, 29 OBR 327, 505 N.E.2d 279. The NLRA does not apply to unions representing employees of a public employer. A labor organization is one that exists to deal with employers, and a public employer is not an employer under the NLRA. See Section 152(5), Title 29, U.S.Code.

Appellant argues that prior to the passage of R.C. Chapter 4117, Ohio courts applied federal labor relations statutes to impose a duty of fair representation

upon unions representing public employees. See *Braswell v. Lucas Metro. Hous. Auth.* (1985), 26 Ohio App.3d 51, 26 OBR 225, 498 N.E.2d 184. This argument is irrelevant. *Braswell* did not hold that federal labor relations statutes apply to public employers or unions representing public employees, and it was effectively overruled by the passage of R.C. Chapter 4117. The Labor–Management Relations Act does not preempt Ohio's state law and therefore it does not apply in this case.

## IV

The fourth issue raised by appellant states that the trial court could not dismiss on summary judgment. Appellant contends that appellee did not submit any evidence to support its claim for summary judgment. The trial court never reached a decision on summary judgment, and, of course, it could not. Once it appeared to the trial court that, based on the allegations in the complaint, it lacked jurisdiction, there is no other action that could be taken but to dismiss.

Based on the foregoing, appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and FRANK D. CELEBREZZE, JR., J., concur.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.