OPINION.
Holding that the trial court is patently and unambiguously without jurisdiction to hear the underlying case, we grant a writ of prohibition.
Relators Ohio Department of Mental Health and Dr. Michael F. Hogan, its director (ODMH), have filed a petition for a writ of prohibition to prevent respondents Judge Norbert A. Nadel and Magistrate Richard A. Bernat of the Hamilton County Court of Common Pleas ("the judges") from exercising jurisdiction over what has been captioned as an application for vacation of an arbitrator's award. Respondent-intervenor Dr. Stewart M. Harris had filed the underlying application, naming ODMH as the defendant. Dr. Harris is a psychiatrist who was fired from his position with the Pauline Warfield Lewis Center, an institution operated by ODMH. The judges have moved to dismiss the petition.
The Underlying Case
Dr. Harris was a public employee and a union member of District 1199, SEIU, AFL-CIO. A collective-bargaining agreement between the state of Ohio and the union provided for final and binding arbitration of grievances. Dr. Harris's employment was terminated after sexual-harassment accusations were leveled by several female employees at the Pauline Warfield Lewis Center. Dr. Harris, through his union, contested the termination decision through the grievance process, including arbitration. The arbitrator found against Dr. Harris.
Dr. Harris filed an unfair-labor-practice charge against the union with the State Employment Relations Board ("SERB"). He alleged that the union had engaged in unfair labor practices within the meaning of R.C.4117.11(B)(1) and (6). In the charge, he specifically alleged that his union had breached its duty of fair representation because his union representative had failed to return his calls; had threatened not to represent him or to pay for arbitration if he retained private counsel; had refused to call certain witnesses; had refused to allow him to testify; had failed to adequately prepare for the arbitration; had refused to cross-examine the opposition's key witness; and had refused to accept the arbitrator's offer of an additional hearing day. SERB dismissed the charge with prejudice, finding no probable cause that the union had violated R.C. 4117.11 and concluding that the union's actions were not arbitrary, discriminatory, or in bad faith.
SERB subsequently denied Dr. Harris's motion for reconsideration. Dr. Harris failed to file an action in mandamus, the appropriate action to obtain judicial review of SERB's dismissal of his unfair-labor-practice charge for lack of probable cause.[1]
A short time later, Dr. Harris applied to the common pleas court for vacation of the arbitration award. In the application, he claimed that the arbitrator had "exceeded the scope of his powers and so imperfectly executed his powers that a mutual, final, indefinite award upon the subject matter was not made." He then claimed that the arbitrator had failed to consider pertinent and material evidence and had ignored testimony of certain witnesses. ODMH moved to dismiss the application under Civ.R. 12 (b)(6), arguing, in part, that Dr. Harris had failed to state a claim under R.C. Chapter 2710.
Dr. Harris moved to amend his application, stating that the arbitration award was procured by "fraud and undue means including the misbehavior and unfair representation" of the union and the "acquiescence of the arbitrator to the obvious unfair representation * * *." He also claimed that the arbitrator had "failed to hear pertinent and material evidence and [had] failed to seek, elicit, and hear [Dr. Harris's] own testimony and own version of the facts."
Dr. Harris claimed that the union had handled the grievance and arbitration "in bad faith and in perfunctory, discriminatory, arbitrary and grossly negligent manner." Specifically, he alleged that the union had refused to accept an additional hearing day; failed to permit him to testify at the arbitration; refused to permit his witnesses to testify; failed to prepare witnesses; failed to cross-examine several key employer witnesses; had a hostile attitude toward him; and failed to introduce evidence of a pretextual and retaliatory motive for his dismissal. He claimed that as a result of his unfair representation by the union he was denied a fair arbitration hearing and that he should have been able to join and litigate his claim of unjust discharge in breach of the labor agreement de novo before the trial court.
The trial court denied the motion to dismiss the amended application to vacate the arbitration award, concluding that Dr. Harris had standing to appeal the arbitration and that his assertions that the arbitration panel had never considered his evidence and witness statements satisfied R.C.2711.10. ODMH moved for summary judgment, asserting, in part, that Dr. Harris's claims had been determined by SERB, which has exclusive jurisdiction over the determination of violations of a union's duty of fair representation. The trial court overruled the motion, ruling that there was a common-law claim for breach of a labor agreement and that, under R.C. 2711.10, Dr. Harris "should be allowed the opportunity for a hearing where he can present evidence." ODMH moved again for summary judgment, claiming that Dr. Harris had failed to present any evidence that the union had violated its duty of fair representation or that there was any basis under R.C. 2711.10 for vacation of the arbitration award. Magistrate Bernat denied the motion in light of Judge Nadel's prior ruling, and Judge Nadel adopted that ruling.
The State's Petition for Writ
ODMH asks us to hold that it is entitled to a writ of prohibition because the trial court is without subject-matter jurisdiction over Dr. Harris's claim. ODMH must establish that (1) the common pleas court is about to exercise its judicial or quasi-judicial power, (2) the exercise of that power is not authorized by law, and (3) if we deny the writ, ODMH will suffer injury for which there is no adequate remedy at law.[2] It is the second element that is pertinent in this case.
The Ohio Supreme Court has held, "Absent a patent and unambiguous lack of jurisdiction, a tribunal having general subject-matter jurisdiction of a case possesses authority to determine its own jurisdiction, and a party challenging its jurisdiction has an adequate remedy by postjudgment appeal from its holding that it has the requisite jurisdiction. * * * Conversely, appeal does not constitute an adequate remedy and does not bar extraordinary relief if the tribunal patently and unambiguously lacks jurisdiction over the case."[3] Accordingly, "where a lower court patently and unambiguously lacks jurisdiction over the cause, prohibition lies to prevent future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions."[4]
An Unfair Labor Practice by Any Other Name
In this case, the issue is whether the lower court patently and unambiguously lacks jurisdiction over Dr. Harris's case. Dr. Harris has conceded at oral argument that his claims concerning the arbitrator's "misconduct" are premised on the union's failure to properly represent him at the arbitration hearing. The judges below contend that the court of common pleas has jurisdiction to vacate an arbitration award. ODMH argues that the essence of the application is an unfair labor practice over which SERB has exclusive jurisdiction.
The Ohio Supreme Court has held that SERB "has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117,"[5] so that "if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive."[6] Included in such claims is the validity or lack of validity of unfair-labor-practice claims.[7]
SERB's exclusive jurisdiction, however, does not extend to "anything that `arguably' constitutes an unfair labor practice."[8] Instead, "exclusive jurisdiction to resolve charges of unfair labor practices is vested in SERB in two general areas: (1) where one of the parties files charges with SERB alleging an unfair labor practice under R.C. 4711.11; or (2) a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11, and the trial court therefore dismisses the complaint for lack of subject-matter jurisdiction."[9]
Dr. Harris had already filed a complaint with SERB alleging that ODMH had committed unfair labor practices based on the same issues he has raised in his application to vacate the arbitration award. The only difference is that he has tried below to state that the arbitration was fraudulent because of the union's inadequate representation. While he purports to challenge the propriety of the arbitration proceedings, Dr. Harris's claim is really alleging that an unfair labor practice has been committed.[10] The rights he asserts are not independent of R.C. Chapter 4117.
The failure of a union to fairly represent its member employee is an unfair labor practice.[11] Dr. Harris's application alleges that the union has failed to (1) adequately investigate the charges, (2) interview witnesses, (3) allow him to testify, (4) cross-examine an alleged victim of his harassment, and (5) allow him to hire his own attorney. All of the allegations involve an unfair labor practice.
In an effort to avoid SERB's exclusive jurisdiction and its determination adverse to him, Dr. Harris has filed an application to vacate the arbitrator's award and has used the language of R.C. Chapter 2711. First, the corruption, fraud and undue means referred to in R.C.2711.01 do not encompass a union's breach of its duty to fairly represent its members.[12] Second, "[a] complaint which states a claim that reads as a violation of the specific enumerated provisions of Section 4117.11, regardless of the terms that the complaint uses, should be brought before the State Employment Relations Board, and not to be reviewable by the Court of Common Pleas * * *."[13] The true nature of Dr. Harris's application falls squarely within the ambit of R.C. Chapter 4117. Accordingly, we have examined the motion not for what it purports to be, but for what it is. It is a claim alleging unfair labor practices. We refuse to allow form to prevail over substance and to condone a transparent attempt to contravene R.C. Chapter 4711 and SERB's adverse decision.
To the extent that the trial court has recognized, outside the ambit of R.C. Chapter 4117, a cause of action for a union's breach of its duty to fairly represent its members, that conclusion is wrong.[14] SERB has exclusive jurisdiction and has conformed its standard to that of Vaca v.Sipes,[15] reviewing such claims to determine whether a union's actions have been arbitrary, discriminatory, or in bad faith.[16]
Because we conclude that there is a patent and unambiguous lack of jurisdiction in the common pleas court, we deny the motion to dismiss the petition and grant the writ of prohibition.
Writ of prohibition issued.
Doan and Hildebrandt, JJ., concur.
Please Note:
The court has recorded its own entry on the date of the release of this opinion.
[1] Accord State ex rel. Portage Lakes Edn. Assn., OEA/NEA v. StateEmployment Relations Bd., 95 Ohio St.3d 533, 2002-Ohio-2839,769 N.E.2d 853, at ¶ 35.
[2] See State ex rel. Rootstown Local School Dist. Bd. of Edn. v.Portage Cty. Ct. of Common Pleas (1997), 78 Ohio St.3d 489, 491,678 N.E.2d 1365.
[3] See id. at 491-492.
[4] See State ex rel. Fraternal Order of the Police, Ohio LaborCouncil, Inc. v. Franklin Cty. Ct. of Common Pleas, 76 Ohio St.3d 287,289, 1996-Ohio-424, 667 N.E.2d 929.
[5] See Franklin Cty. Law Enforcement Assn. v. Fraternal Order ofPolice, Capital City Lodge, No. 9 (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph one of the syllabus.
[6] See id., paragraph two of the syllabus.
[7] See East Cleveland v. East Cleveland Firefighters Local 500,I.A.F.F. (1994), 70 Ohio St.3d 125, 127, 637 N.E.2d 878.
[8] See id.
[9] See id. at 127-128.
[10] See Detty v. Ohio Dept. of Rehabilitation and Correction (July 6, 2000), 10th Dist. No. 99AP-1159.
[11] R.C. 4117.11(B)(6)
[12] See id.
[13] See Harouff v. Akron Regional Metro Transit Auth. (May 3, 1989), 9th Dist. No. 13852, citing Gray v. Toledo (March 10, 1986), Lucas C.P. No. CI85-1533.
[14] See State ex rel. Ramsdell v. Washington Local School Bd. (1988),52 Ohio App.3d 4, 556 N.E.2d 197; Johnson v. Ohio Council Eight (2001),146 Ohio App.3d 348, 766 N.E.2d 189.
[15] See Vaca v. Sipes (1967), 386 U.S. 171, 87 S.Ct. 903.
[16] See In re State Emp. Relations Bd. v. Ohio Civil Service EmployeesAssociation, AFSCME, Local 11, Chapter 2525 (July 22, 1998), SERB No. 98-010.