JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the common pleas court and the briefs.
 {¶ 2} The appellant, Edwin David Bailey ("Bailey"), appeals the decision of the trial court granting the motion to dismiss filed by appellees, the Ohio Department of Transportation ("ODOT"), its director, Gordon Proctor, and its Labor Relations Officer, Jim Miller, based on the trial court's lack of jurisdiction. For the reasons set forth below, we reverse and remand.
 {¶ 3} Bailey was employed by ODOT as a highway maintenance worker. In early 1998, he was suspended from work for several days and, after various disciplinary and mediation activities, he was ultimately discharged.
 {¶ 4} In a "motion to proceed as scheduled," filed in Case No. 399036[1], Bailey alleged that while he was under a psychologist's treatment, he was suspended from work for three days. Because of that suspension, he attended a mediation held by Dr. Pincus. According to Bailey, he felt pressured by Dr. Pincus into signing a settlement agreement. The agreement stated that he had received a 15-day suspension and that ODOT had conducted a pre-disciplinary hearing on April 17, 1998 in relation to various disciplinary charges.
 {¶ 5} On July 31, 1998, Bailey was discharged based upon additional disciplinary charges. Bailey contested the grievances leading to his discharge, and a second mediation hearing was held with Sandra Furman. Because of Bailey's refusal of ODOT's offers to settle the case, the grievance proceeded to arbitration. At arbitration, the matter was again brought before Dr. Pincus.
 {¶ 6} Bailey objected to having Dr. Pincus arbitrate the matter because he felt that "having to be with Dr. Pincus would cause unwelcome and unavoidable stress." He requested a new arbitrator through his union ("OCSEA"); however, OCSEA refused to change arbitrators.
 {¶ 7} On September 23, 1999, Bailey accepted ODOT's offer to resign in exchange for the payment of $15,000. According to Bailey, he was to receive an additional $2,000 to drop criminal charges for unlawful restraint against Matthew Long in a separate pending matter.
 {¶ 8} On December 20, 1999, Bailey filed an action for unfair labor practices with the State Employment Relations Board ("SERB") alleging that he was unduly influenced by ODOT and the arbitrator to settle the matter before reaching actual arbitration of his grievances. The case before SERB was dismissed for lack of probable cause on April 6, 2000.
 {¶ 9} Three days after filing the SERB action, on December 23, 1999, Bailey filed a pro se complaint in the common pleas court pursuant to R.C. 2711.10. The relief sought was to vacate the settlement agreement made on September 23, 1999 between ODOT and OCSEA. Bailey subsequently voluntarily dismissed that case without prejudice.
 {¶ 10} He then refiled the current action pursuant to R.C. 2711.10. In this action, he sought modification of the settlement agreement and reinstatement to his former position. The appellees filed a motion to dismiss and/or for summary judgment on August 27, 2001. On December 28, 2001, the trial court granted the appellees' motion to dismiss stating in its journal entry:
 {¶ 11} "Upon consideration of defendants' 8-27-01 motion to dismiss and/or for summary judgment, the court agrees with the decision in Johnson v. Ohio Council Eight and finds that decision to be controlling. The court has considered the cases cited by the appellant in its 12-10-01 response to defendants' argument at pretrial and finds said cases are not controlling in the present case. Therefore defendants' 8-27-01 motion to dismiss is granted."
 {¶ 12} The appellant now appeals the determination of the trial court and asserts the following sole assignment of error:
 {¶ 13} "I. The common pleas court erred as a matter of law in granting Appellee's motion to dismiss/summary judgment and in overruling Appellant's motion for summary judgment because:
 {¶ 14} "A. The common pleas court had jurisdiction over all claims asserted in the complaint and motions filed under O.R.C. Chapter 2711 and under common law;
 {¶ 15} "B. SERB did not have initial or exclusive jurisdiction over the subject matter of the complaint and motions filed in the common pleas court;
 {¶ 16} "C. The allegations in the complaint and motions stated a claim upon which relief could be granted."
 {¶ 17} A motion to dismiss for failure to state a claim upon which relief may be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 605 N.E.2d 378. In order for a court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brienv. University Community Tenants Union (1975), 42 Ohio St.2d 242,327 N.E.2d 1098, syllabus. The trial court is bound to construe all of the factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber
(1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, citing Mitchell v. LawsonMilk Co. (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. This means the court may not dismiss a complaint because of its doubts as to whether or not the plaintiff may win on the merits. Slife v. Kundtz Properties
(1974), 40 Ohio App.2d 179, 318 N.E.2d 577, paragraph four of the syllabus. However, while the factual allegations of the complaint are taken as true, the same cannot be found for unsupported conclusions. "Unsupported conclusions of a complaint are not considered admitted, * * * and are not sufficient to withstand a motion to dismiss. * * *"State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324.
 {¶ 18} R.C. 2711.10 provides a trial court with jurisdiction to vacate an arbitrator's award if "the award was procured by corruption, fraud, or undue means." R.C. 2711.10(A). Although the Ohio Supreme Court has never specifically addressed the meaning of the term "undue means," the court has determined that a trial court's review of an arbitration award is limited "to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority." Goodyearv. Local Union No. 200 (1975), 42 Ohio St.2d 516, paragraph two of the syllabus; Cleveland v. Fraternal Order of Police, Lodge No. 8 (March 23, 2000), Cuyahoga App. No. 75892. The court in Goodyear further interpreted "undue means" to include a certain degree of malice. Id.
 {¶ 19} This court has already determined, in Johnson v. OhioCouncil Eight, et. al. (2001), 146 Ohio App.3d 348, that "R.C. states that unfair labor practices are remediable by the State Employment Relations Board, and therefore SERB has exclusive jurisdiction for claims under R.C. 4117. The statute does not provide for an original action in common pleas court." Id. at 351.
 {¶ 20} In making the determination of what type of claim constitutes an unfair labor practice, the Ohio Supreme Court found two general areas which vest SERB with exclusive jurisdiction: "(1) where one of the parties filed charges with SERB alleging an unfair labor practice under R.C. 4117.11, or (2) a complaint brought before the court of common pleas alleging conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117, and the trial court therefore dismisses the complaint for lack of subject matter jurisdiction." E.Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F. (1994),70 Ohio St.3d 125, 127-128. The court further found that "to hold that only SERB has jurisdiction to hear or determine anything that `arguably' constitutes an unfair labor practice is neither a complete nor totally correct statement of the law set forth in R.C. Chapter 4117 of the decisions of this court." Id.
 {¶ 21} "In enacting R.C. 4117, the legislature attempted to enact a comprehensive statutory scheme for collective bargaining for public employees. See City of Rocky River v. State Employment Relations Board
(1989), 43 Ohio St.3d 1, 539 N.E.2d 103. This scheme sets forth very specific rights and duties for public employers, public employees and their unions in making such agreements. It also sets out the remedies available for enforcing those rights and duties." Johnson (2001),140 Ohio App.3d 348, 352.
 {¶ 22} R.C. 2711.10(A) states "the court of common pleas shall make an order vacating the award upon application of any party to the arbitration if the award was procured by * * * undue means." On the other hand, R.C. 4117.11 enumerates actions that constitute unfair labor practices. Therefore, a complaint sounding in "undue means" is under the sole jurisdiction of the common pleas court, unlike a complaint alleging unfair labor practices.
 {¶ 23} Here, appellant specifically pleaded the use of "undue means" as one of the counts in his complaint. Pursuant to the statutes discussed above, the common pleas court had jurisdiction over this complaint. Accordingly, the trial court erred in its application ofJohnson when it granted appellees' motion to dismiss for lack of jurisdiction. Accordingly, the trial court retains jurisdiction over this matter, not SERB.
Judgment reversed and cause remanded.
PATRICIA A. BLACKMON, P.J., AND ANNE L. KILBANE, J., CONCUR.
KEY WORDS
R.C. 2711; R.C. 4117; S.E.R.B.; Unfair Labor Practices; "Undue Means"; Subject Matter Jurisdiction; Arbitration Award; Collective Bargaining.
[1] This action was originally filed as Case No. CV-399036 in December 1999. That case was then voluntarily dismissed without prejudice and refiled within the one-year period as Case No. CV-443852, the subject of this appeal.