[Cite as *Lemay v. Univ. Toledo Med. Ctr.*, 2018-Ohio-2339.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Melanie Lemay, et al.                                   Court of Appeals No.  L-17-1182

     Appellants                                        Trial Court No. CI0201502915

v.

University of Toledo Medical Center          **DECISION AND JUDGMENT**

     Appellee                                           Decided:  June 15, 2018

* * * * *

Vesper C. Williams, II, for appellant.

Michael DeWine, Attorney General, and Tracy M. Nave and Matthew J. Karam, Assistant Attorney Generals, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellants, Melanie and Patrick Lemay, appeal the June 20, 2017 summary judgment decision of the Lucas County Court of Common Pleas granted in favor of appellee, University of Toledo Medical Center (UTMC).  For the reasons that follow, we affirm.

## Assignments of Error

{¶ 2} Appellants state their assignments of error as follows:

1. Appellant states that the trial court abused its discretion by making findings of fact as stated in the JUDGMENT ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (hereinafter referred as "JE") of issues that are in dispute by the parties. Those facts found are opinions in dispute based on evidence presented and not facts proven.

2. Appellant states that the trial court abused its discretion by finding that "…this Court lacks subject matter jurisdiction to consider the merits of Plaintiffs' Claims against Defendant[,]" and then granting Defendant's motion for summary judgment when it could have dismissed the case for lack of jurisdiction. See JE.

## Background

{¶ 3} Melanie Lemay worked as a UTMC nurse for roughly 30 years. She was terminated following an accidental disposal of a kidney meant for transplant.

{¶ 4} Lemay did not dispose of the kidney. However, she failed to appropriately log into the system and to adequately communicate with another nurse she relieved for lunch. Without Lemay's notes and direction, a cooling bin containing the kidney was removed and discarded. There was an unsuccessful attempt to recover the organ.

2.

{¶ 5} After she was placed on paid leave, and after an investigation and pre-disciplinary hearing, Lemay was terminated on September 12, 2012. The stated reason for her termination was failure to provide good behavior and gross neglect of duties.

{¶ 6} Lemay's employment was governed by a collective bargaining agreement (CBA). The CBA provided a procedure, to which Lemay pursued a grievance for her termination. She argued UTMC violated specific articles of the CBA.

{¶ 7} Although the CBA provided for arbitration as the fifth and final step of a grievance, Lemay's grievance did not reach arbitration.

{¶ 8} Lemay claims her union representative caused her confusion, and that, that confusion led to her exclusively pursuing legal recourse in the Courts of Claims and Common Pleas. She wanted legal counsel to attend the grievance hearings with her, because she said she did not trust the grievance process. Her union representative rejected her idea of bringing counsel, and the record reflects her grievance did not continue beyond the third level of the process.

{¶ 9} Appellee, on the other hand, claims Lemay or her union representative abandoned the grievance process.

{¶ 10} Lemay filed a complaint in the Court of Claims on August 2, 2013. In the complaint, she and her husband asserted claims for wrongful termination, defamation, and loss of consortium. The Court of Common Pleas dismissed the wrongful termination, finding that Lemay's employment was governed by the CBA. Appellants voluntarily dismissed the remaining claims on November 25, 2015.

3.

{¶ 11} Appellants again filed in the Court of Claims on November 22, 2016, pleading wrongful termination, defamation and loss of consortium. *See Lemay v. Univ. of Toledo Med. Ctr.*, Ct. of Cl. No. 2016-00860, 2017-Ohio-7542. The case was disposed of on summary judgment. The court found the wrongful termination could not be reviewed because no jurisdiction existed where Lemay's employment was governed by the CBA. Further, the court found appellants did not demonstrate actual malice on behalf of appellee, and thus that the law of defamation was inapplicable.

{¶ 12} Appellants also filed a complaint in the Lucas County Court of Common Pleas on June 5, 2015. The complaint stated two counts: breach of contract, and loss of consortium.

{¶ 13} On July 7, 2016, appellee moved for summary judgment, to which appellants filed opposition on January 10, 2017. The trial court disposed of the case, stating the "threshold question" as: "Does the CBA and/or statutory authority divest this Court of jurisdiction to hear the parties' dispute?" Answering in the affirmative, the court stated it was prevented from exercising jurisdiction under R.C. 4117.09.

{¶ 14} The trial court judgment was journalized June 20, 2017, and appellants now timely appeal.

### Standard of Review

{¶ 15} When reviewing a trial court's summary judgment decision, the appellate court conducts a de novo review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor

4.

of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). *Accord Lopez v. Home Depot, USA, Inc.*, 6th Dist. Lucas No. L-02-1248, 2003-Ohio-2132, ¶ 7.

## Legal Analysis

{¶ 16} Appellants first argue there remain disputes of material fact, and thus that summary judgment was inappropriate. Appellee contends the trial court had no jurisdiction where appellant's employment was governed by the CBA.

{¶ 17} Appellants secondly argue the trial court erred by granting summary judgment when it could have dismissed the case for lack of jurisdiction. Appellee does not respond to this specific argument, but does note that the trial court correctly disposed of the case.

{¶ 18} We will address both assignments of error together.

{¶ 19} Appellants rely on R.C. 4117.09 to provide them with a statutory right to bring a private lawsuit, which in pertinent part provides:

> (A) The parties to any collective bargaining agreement shall reduce the agreement to writing and both execute it.
>
> (B) The agreement shall contain a provision that:
>
> (1) Provides for a grievance procedure which may culminate with final and binding arbitration of unresolved grievances, and disputed interpretations of agreements, and which is valid and enforceable under its terms when entered into in accordance with this chapter. No publication thereof is required to make it effective. A party to the agreement may bring

5.

suits for violation of agreements or the enforcement of an award by an arbitrator in the court of common pleas of any county wherein a party resides or transacts business.

{¶ 20} It is well established, however, that "[t]his section does not provide a right to an original action in the court of common pleas." *See*, *e.g.*, *Johnson v. Ohio Council Eight*, 146 Ohio App.3d 348, 352, 766 N.E.2d 189 (8th Dist.2001). "Rather, the section requires that any collective bargaining agreement contain a two step procedure - a grievance procedure with arbitration first, and ultimately the right to file in common pleas court." *Id.*

{¶ 21} A claim independent of R.C. Chapter 4117 brought forth by a state employee against a state employer, such as a breach of contract, falls solely within the jurisdiction of the State Employment Relations Board (SERB). *Id.* at 351. *See also Pulizzi v. City of Sandusky*, 6th Dist. Erie No. E-03-002, 2003-Ohio-5853, ¶ 8 ("[T]he union and the employer are the proper parties to bring a suit for a breach of the collective bargaining agreement. * * * The employee is not permitted to bring a private lawsuit[.]").

{¶ 22} Here, appellants sought damages on a theory of breach of contract, and on a derivative claim for loss of consortium.

{¶ 23} "When a party asserts a claim sounding in contract, a court must always ask: Which contract?" *See*, *e.g.*, *Johnson* at 351.

{¶ 24} It is undisputed the contract to which appellants point for support is the CBA. No other binding contract or agreement is in the record, and we find no dispute of material fact with regard to what contract governs this case. Consistent with the grant of

6.

summary judgment and the disposition in *Lemay*, Ct. of Cl. No. 2016-00860, 2017-Ohio-7542, at ¶ 19, summary judgment here is appropriate insofar as it answers whether material issues exist to counter the fact that Lemay's employment was governed by the CBA. The remaining factual and legal issues relating to appellants' claims cannot be addressed, as SERB has sole jurisdiction. *See Johnson*; *Pulizzi; Lemay*.

{¶ 25} Accordingly, the assigned errors are not well-taken.

### Conclusion

{¶ 26} The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellants are ordered to pay costs of this appeal pursuant to App.R. 24, and the clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.          _____
                                          JUDGE

Thomas J. Osowik, J.      

Christine E. Mayle, P.J.     _____
CONCUR.                                   JUDGE

                                _____
                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.