[Cite as *Guinn v. Cuyahoga Metro. Hous. Auth.*, 2021-Ohio-4212.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MELVIN I. GUINN, SR.,                   :

    Plaintiff-Appellant,           :

                                    No. 110465

    v.                             :

CUYAHOGA METROPOLITAN                    :
HOUSING AUTHORITY,

    Defendant-Appellee.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 2, 2021

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-20-933282

---

### *Appearances:*

Samuel R. Smith II, *for appellant.*

Taft, Stettinius & Hollister, L.L.P., and Adrian D. Thompson, *for appellee.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Melvin Guinn, Sr., appeals the trial court's decision granting defendant Cuyahoga Metropolitan Housing Authority's ("CMHA") motion to dismiss. For the following reasons, we affirm.

{¶ 2} Guinn is a sergeant in CMHA's police department. In 2019, Guinn filed a complaint in which he alleged that CMHA discriminated against Guinn by disciplining him on several occasions from 2009 through 2019 when similarly situated nonminority officers were not disciplined. That action was voluntarily dismissed under Civ.R. 41(A)(1)(a), and the case was refiled in 2020. In the refiled complaint, Guinn claims that the disciplinary actions over the decade constituted a hostile work environment, but Guinn did not include any allegations describing an adverse employment action other than the inability to obtain secondary employment in 2015 based on one of the disciplinary proceedings. The complaint was limited to describing the disciplinary measures that were implemented according to the collective bargaining agreement between CMHA and its officers.

{¶ 3} Based on CMHA's motion to dismiss, the trial court dismissed all claims, concluding that most of the claims were time barred under the pertinent statute of limitations and that the trial court lacked subject-matter jurisdiction over the remaining claims under the State Employment Relations Bureau's ("SERB") exclusive jurisdiction pursuant to R.C. Chapter 4117. Guinn appeals that dismissal, conceding that the trial court correctly concluded that most of the claims were time barred and that SERB possessed exclusive jurisdiction over the claims he timely advanced in the complaint. We, therefore, have been asked to review an extremely narrow question of law as presented by Guinn in this appeal.

{¶ 4} According to Guinn, the trial court erred in dismissing the timely advanced allegations because R.C. 4117.09(B)(1) provides a party to a collective

bargaining agreement the right to bring lawsuits in the common pleas court for any "violation of the agreements or the enforcement of an award by an arbitrator." We find no merit to this narrowly presented claim.

{¶ 5} "SERB is a state agency created by R.C. Chapter 4117." *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 51, citing R.C. 4117.02(A) and *State ex rel. Brecksville Edn. Assn., OEA/NEA v. State Emp. Relations Bd.*, 74 Ohio St.3d 665, 666, 660 N.E.2d 1199 (1996). SERB's powers and jurisdiction are limited to those that are conferred onto it by statute. *Id.*, citing *Penn Cent. Transp. Co. v. Pub. Util. Comm.*, 35 Ohio St.2d 97, 298 N.E.2d 587 (1973), paragraph one of the syllabus, and *Morgan Cty. Budget Comm. v. Bd. of Tax Appeals*, 175 Ohio St. 225, 193 N.E.2d 145 (1963), paragraph three of the syllabus. The legislature has conferred upon SERB "exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117[,]" but only "[a]s to matters involving claims that 'arise from or depend on the collective bargaining rights created by R.C. Chapter 4117[.]'" *Id.* at ¶ 53, citing *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, 572 N.E.2d 87 (1991), at paragraph one of the syllabus.

{¶ 6} Guinn has conceded in this appeal that but for R.C. 4117.09(B)(1), SERB has exclusive jurisdiction over the claims he advanced in his complaint. App.R. 16(A)(7). Thus, our review must be limited to determining whether R.C. 4117.09(B)(1) provides an exception to SERB's exclusive jurisdiction over any and

all claims arising from or depending on the collective bargaining rights created by R.C. Chapter 4117. It does not.

{¶ 7} R.C. 4117.09 provides the following:

(A) The parties to any collective bargaining agreement shall reduce the agreement to writing and both execute it.

(B) The agreement shall contain a provision that:

(1) Provides for a grievance procedure which may culminate with final and binding arbitration of unresolved grievances, and disputed interpretations of agreements, and which is valid and enforceable under its terms when entered into in accordance with this chapter. No publication thereof is required to make it effective. A party to the agreement may bring suits for violation of agreements or the enforcement of an award by an arbitrator in the court of common pleas of any county wherein a party resides or transacts business.

This statutory section, however, "'does not provide a right to an original action in the court of common pleas.'" *State ex rel. Wilkinson v. Reed*, 99 Ohio St.3d 106, 2003-Ohio-2506, 789 N.E.2d 203, ¶ 19, quoting *Johnson v. Ohio Council Eight*, 146 Ohio App.3d 348, 352, 766 N.E.2d 189 (8th Dist.2001). It merely provides for the required content to be included in a collective bargaining agreement. *Id.*

{¶ 8} In this case, Guinn's sole claim is that he exhausted all of his administrative remedies, which included the grievance procedure under R.C. Chapter 4117 and the binding arbitration procedures under the applicable section of the collective bargaining agreement before filing the action in the common pleas court. "Under R.C. 4117.10(A), if an agreement provides for final and binding arbitration as an exclusive remedy, the agreement prevails." *Lemay v. Univ. of*

*Toledo Med. Ctr.*, 10th Dist. Franklin No. 17AP-640, 2018-Ohio-1311, ¶ 24, quoting *Thompson v. Dept. of Mental Retardation & Dev. Disabilities*, 5th Dist. Fairfield No. 09CA00041, 2009-Ohio-6558, ¶ 15. Guinn has thus conceded that the binding arbitration procedures are his exclusive remedy, but the complaint does not seek to vacate or otherwise modify the final arbitration conclusion. In addition, there are no allegations that CMHA violated the collective bargaining agreement such that R.C. 4117.09(B)(1) is even applicable. Thus, Guinn's reliance on R.C. 4117.09(B)(1) to support the trial court's jurisdiction is misplaced.

{¶ 9} In conjunction with Guinn's concession that the claims advanced in the complaint surviving the statute of limitations were under the exclusive jurisdiction of SERB, we cannot conclude that the trial court erred in dismissing the action.

{¶ 10} We affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR