[Cite as *McDougald v. ODRC*, 2018-Ohio-2315.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Jerone McDougald,                         :

    Plaintiff-Appellant,              :

                                          No. 17AP-776

v.                                        :       (Ct. of Cl. No. 2017-00557)

Ohio Department of Rehabilitation        :       (REGULAR CALENDAR)
and Correction,
                                          :
    Defendant-Appellee.
                                          :

D E C I S I O N

Rendered on June 14, 2018

**On brief**: *Jerone McDougald*, pro se.

**On brief**: *Michael DeWine*, Attorney General, and *Frank S. Carson*, for appellee.

APPEAL from the Court of Claims of Ohio

BROWN, P.J.

{¶ 1} This is an appeal by plaintiff-appellant, Jerone McDougald, from a judgment of the Court of Claims of Ohio granting the motion to dismiss filed by defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC").

{¶ 2} On June 22, 2017, appellant filed a pro se complaint against ODRC asserting "ministerial neglect." The complaint alleged that on June 15, 2017, appellant, an inmate, was escorted to a consultation room by a correction officer to speak with a mental health physician via satellite. According to the complaint, despite appellant's request for confidentiality of his medical information, the correction officer was present in the "mental health consultation room" during appellant's discussion with the physician. The complaint sought damages in the amount of $100,000.

{¶ 3} On January 21, 2017, ODRC filed a motion to dismiss the complaint for lack of subject-matter jurisdiction under Civ.R. 12(B)(1) and for failure to state a claim for relief under Civ.R. 12(B)(6). Appellant did not file a response to ODRC's motion to dismiss. By entry filed October 2, 2017, the Court of Claims granted ODRC's motion to dismiss the complaint.

{¶ 4} On appeal, appellant sets forth the following two assignments of error for this court's review:

> [I.] The trial court erred by converting plaintiff[']s claims into constitutional claims when he clearly stated a state tort claim for invasion of privacy claim.
>
> [II.] The trial court erred by converting plaintiff[']s invasion of privacy claim into a discretionary act when it was a ministerial dutie [sic] for officers to respect patient privacy.

{¶ 5} Appellant has filed a pro se brief challenging the decision of the Court of Claims granting ODRC's motion to dismiss his complaint. Under his first assignment of error, appellant contends the Court of Claims erred in converting his claim for invasion of privacy into a constitutional claim.

{¶ 6} An appeal of a trial court's dismissal of a complaint for lack of subject-matter jurisdiction under Civ.R. 12(B)(1) is reviewed de novo. *Pulizzi v. Sandusky*, 6th Dist. No. E-03-002, 2003-Ohio-5853, ¶ 5. In considering such an appeal, "the principle inquiry is 'whether the plaintiff has alleged any cause of action which the court has authority to decide.' " *Id.*, quoting *McHenry v. Indus. Comm. of Ohio*, 68 Ohio App.3d 56, 62 (4th Dist.1990).

{¶ 7} In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the party to recovery." *Id.* at ¶ 6, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. As with a Civ.R. 12(B)(1) motion, "the standard of review for a 12(B)(6) motion is de novo." *Id.* Further, "[t]he court must also view all factual allegations in the complaint as true." *Id.*

{¶ 8}   Appellant asserts his complaint "clearly stated a tort claim for invasion of privacy," and he contends the Court of Claims erred by converting his state tort claim into a federal constitutional claim.  On review, we disagree.

{¶ 9}   While the Court of Claims' decision initially discusses in general the constitutional right to medical privacy (and notes the court's lack of jurisdiction with respect to any federal invasion of privacy claim), the decision subsequently addresses appellant's state claim.  Specifically, the Court of Claims cites the fact that appellant's complaint "references R.C. 5122.31 to support a claim that [ODRC] violated an alleged right to confidentiality of his medical information."  The Court of Claims also quotes from *Biddle v. Warren Gen. Hosp.*, 86 Ohio St.3d 395 (1999), paragraph one of the syllabus, for the proposition that "in Ohio law 'an independent tort exists for the unauthorized, unprivileged disclosure to a third party of nonpublic medical information that a physician or hospital has learned within a physician-patient relationship.' "  (Oct. 2, 2017 Entry of Dismissal at 3.)

{¶ 10} With respect to appellant's state claim, the Court of Claims observed that "the face of the complaint establishes that [ODRC] authorizes corrections officers to remain in the medical room during a consultation with a mental health professional." (Oct. 2, 2017 Entry of Dismissal at 3.) Citing the discretion afforded ODRC as to the allocation or location of its correctional staff to preserve institutional security, the Court of Claims held that Ohio's discretionary-function doctrine precluded liability.  Appellant's contention that the Court of Claims improperly converted his state claim of invasion of privacy into a constitutional claim is not supported by the record.

{¶ 11} Accordingly, appellant's first assignment of error is overruled.

{¶ 12} Under his second assignment of error, appellant argues the Court of Claims erred by converting his invasion of privacy claim into a "discretionary act."  According to appellant, correction officers have a "ministerial" duty to respect a patient's privacy by standing outside a consultation area. Appellant also contends ODRC violated its own internal policies which, he maintains, can give rise to a claim for negligence.

{¶ 13} The Court of Claims, in addressing appellant's allegation regarding the presence of a correction officer, held in part:

> Plaintiff challenges the placement of a correctional officer in
> the medical exam room where a mental health consultation

> between plaintiff, an unnamed nurse, and Dr. Rogers, who appeared remotely, occurred. However, given the discretion defendant has in allocating its correctional staff to preserve institutional security, defendant authorized or privileged a corrections officer to be present during the consultation. Moreover, the discretionary-function doctrine provides that defendant may not be sued regarding the allocation or location of its correctional staff.

(Oct. 2, 2017 Entry of Dismissal at 3-4.)

{¶ 14} In general, "the state cannot be sued in the Court of Claims for its legislative or judicial functions, or the exercise of an executive function involving a high degree of official discretion or judgment." *Deavors v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 98AP-1105 (May 20, 1999), citing *Reynolds v. State,* 14 Ohio St.3d 68, 70 (1984).

{¶ 15} Appellant purportedly seeks to invoke R.C. 5122.31, regarding the disclosure of confidential records, as establishing a right to undergo a mental examination without a correction officer present. This court, however, has previously held that "decisions relating to the allocation and location of correctional staff concern prison security and administration and, as such, are executive functions that involve a high degree of official discretion." *Hughes v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 09AP-1052, 2010-Ohio-4736, ¶ 18. On review, we conclude the Court of Claims properly found, based on the allegations of the complaint, ODRC was immune from liability for its decision regarding the allocation and location of its correction officers and, therefore, the complaint failed to state a claim for relief.

{¶ 16} We note, in this respect, other jurisdictions have recognized that "[a] prisoner's right to privacy in his medical information is 'counterbalanced by legitimate penological interests, such as safety and practicability of accommodation.' " *Jefferson v. Husain*, E.D.Pa. No. 14-2485 (Mar. 31, 2016), quoting *Smith v. Hayman,* 489 Fed.Appx. 544, 549 (3d Cir.2012). *See also Doe v. Delie,* 257 F.3d 309, 317 (3d Cir.2001) (finding defendants entitled to qualified immunity, and noting that an inmate's right to privacy of medical information "is subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security"); *Franklin v. Advanced Corr. Healthcare*, C.D. Ill. No. 17-cv-3122-JBM (Oct. 18, 2017) ("having a guard present during a medical appointment has been found not to

violate a prisoner's privacy rights"); *Simpson v. Joseph,* 248 Fed. Appx. 746 (7th Cir.2007) (affirming district court decision finding that legitimate security concerns outweighed any privacy interest and justified a prison policy requiring guards to be present during inmate's medical appointment).

{¶ 17} Finally, we find no error with the Court of Claims' determination that ODRC's alleged violations of its own internal rules and policies do not give rise to an independent cause of action. *See Peters v. Dept. of Rehab. & Corr.,* 10th Dist. No. 14AP-1048, 2015-Ohio-2668, ¶ 10.   Based on this court's de novo review, the Court of Claims did not err in granting ODRC's motion to dismiss the complaint, and appellant's second assignment of error is overruled.

{¶ 18} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

––––––––––––––––––––